# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3544

_____

Christopher J. Earl,                          *
                                              *
              Petitioner - Appellant,         *
                                              *  Appeal from the United States
       v.                                     *  District Court for the
                                              *  District of Minnesota
Joan Fabian, Commissioner, Minnesota          *
Department of Corrections,                    *
                                              *
              Respondent - Appellee.          *

_____

Submitted: October 14, 2008
Filed:  February 23, 2009 (corrected 2/24/09)

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Christopher J. Earl filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1996), challenging his Minnesota conviction for aiding and abetting first degree murder.  The district court dismissed the petition as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA) one year statute of limitations but granted a certificate of appealability (COA).  Earl appeals, arguing that he is entitled to equitable tolling because the state failed to give him notice that his judgment of conviction had become final and alternatively that his petition was timely under 28 U.S.C. § 2244 (1996).  We remand for an evidentiary hearing.

Earl was convicted of 10 counts of aiding and abetting first degree murder in 2004 and was sentenced to three consecutive life terms without the possibility of parole. For security reasons Earl was transferred by the Minnesota Department of Corrections (DOC) to serve his sentence in an undisclosed correctional facility in Florida.

Following his conviction, Earl filed a direct appeal to the Minnesota Supreme Court claiming that his confession should not have been admitted because the police had continued to question him after he invoked his right to counsel. On August 11, 2005, the supreme court affirmed the state trial court's conviction after concluding that Earl had knowingly and intelligently revoked the invocation of his right to counsel. The court observed, however, that "the suggestion by police [after Earl had requested counsel] that it was in [his] best interest to talk to them comes dangerously close to impermissible interrogation and should have been avoided . . . ." State v. Earl, 702 N.W.2d 711, 720 (Minn. 2005).

On the day the supreme court's affirming decision issued, Earl's counsel wrote him to report the result and indicated his intention to file a petition for rehearing (August 11, 2005 letter). Because the state would not disclose Earl's location, counsel was forced to rely on the DOC's assurance that it would forward the letter to Earl. Earl claims that he did not receive this August 11, 2005 letter notifying him that his appeal had been decided until March of 2006 - a delay of approximately seven months.[1]

---

[1]The August 11, 2005 letter is date stamped as having been "RECEIVED" on September 12, 2005 by the "Bureau of Classification & Central Records." The record is silent as to the location of the bureau or as to what it did with the letter.

The supreme court denied Earl's petition for rehearing on September 1, 2005, and counsel wrote to Earl on September 6, 2005, to notify him of the decision and explain that Earl's conviction was now final. Once again counsel had to rely on the DOC to forward the letter to Earl. Earl claims that he did not receive the September 6, 2005 letter with his case file until September of 2006.[2]

In a letter dated March 6, 2006 Earl wrote his attorney the following:

I received your letters stating that my appeal prosses [sic] is over, but you're asking for a Rehearing. Does this mean it's over or still pending? If it is indeed over, will you please forward me all you have on my case so I may proceed with any avenues I may have left. . . . I'm trying to learn about the law, but Florida is different then [sic] Minnesota; But I'm triing [sic].

Earl contends that this letter was in response to his delayed receipt of counsel's August 11, 2005 letter informing him that his conviction had been affirmed. Earl's use of the plural "letters" is puzzling since counsel did not write to report that rehearing had been denied until September 6, 2005 and that letter was allegedly not received by Earl until September 2006. Since Earl's March 6 letter included his return address, counsel thereafter no longer needed to depend on the state to transmit his correspondence.

Counsel responded to Earl's March 6, 2006 letter one week later (March 13, 2006 letter). He summarized developments in the case for Earl, explaining that "[o]n August 17, I filed a petition for rehearing . . . . Unfortunately, the Court denied the petition on September 1. Judgment was officially entered on October 17, 2005. At that point, your appeal process in state court ended." Counsel indicated that the supreme court opinion, petition for rehearing, order denying rehearing, and official judgment were included and that in addition he would gather "all of the information

---

[2]Counsel's letter references an accompanying "Enclosure" but does not identify its contents.

I have about your case" but that it would "take a bit of time." Earl does not allege untimely receipt of this letter which would have given him notice in approximately March 2006 that his petition for rehearing had been denied on September 1, 2005.

On August 25, 2006 Earl wrote another letter to counsel which included the following:

> I'm writing because you told me that you were sending me all of my case work, but I haven't gotten it or heard from you. It's been a few months since we talked about that. Can you please send my case work to me. At least the motion of discovery A.S.A.P., and any advise [sic] or footnotes you think might help me. Also I have request for [sic] Minnesota law here and was denied. If you have any suggestions on obtaining such law material so I may study myself, please let me know. Anything is better than nothing.

There is no additional correspondence in the record between Earl and his state public defender.

On January 4, 2007 Earl filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his constitutional rights had been violated when the state introduced his videotaped confession at trial because it had been obtained after he invoked his right to counsel. The state filed a motion to dismiss Earl's habeas petition as untimely by 35 days under AEDPA's one year statute of limitations. Earl argued in response that under the circumstances of his case the AEDPA limitations period was enlarged by both equitable and statutory tolling. In support of this position, Earl argued: (1) that the state deprived him of notice that his judgment of conviction had become final by failing to deliver the August 11, 2005 letter for almost seven months, (2) that the state deprived him of his case file by failing to deliver counsel's September 6, 2005 letter until September of 2006, (3) that as a result of his 8:00 to 5:00 Monday through Friday prison employment, he had very limited access

to the law library, and (4) that he had been denied access to Minnesota law during the entire time he was incarcerated in Florida.

After considering Earl's arguments the magistrate judge recommended that Earl's petition be denied as untimely:

> The Court rejects Petitioner's argument that he is entitled to equitable tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) or (D). Petitioner admitted that he had over two months after receiving his case materials [in September of 2006] to prepare and file a Petition in this Court before the statute of limitations expired. Such facts do not support a holding that equitable tolling is appropriate under either 28 U.S.C. § 2244(d)(1)(B) or (D).

The district court adopted the magistrate judge's report and recommendation without substantive comment.

Earl subsequently requested a COA in order to seek review of the district court dismissal of his habeas petition as untimely. Earl contended that he was "eligible for equitable tolling," and that in the alternative his habeas petition should have been construed as timely filed under § 2244(d)(1)(B) and (D). The district court granted the COA "to the extent Petitioner appeals the decision that his habeas corpus petition was submitted untimely."

The following dates have particular relevance to the parties' arguments on the tolling issues:

> September 1, 2005 – Minnesota Supreme Court denies Earl's petition for rehearing;
>
> November 30, 2005 – Period to file petition for writ of certiorari with the United States Supreme Court expires and AEDPA one year limitation begins to run;

March, 2006 – Earl allegedly first receives notice that his conviction has become final; if true, AEDPA would begin to run if statutory tolling applies under § 2244(d)(1)(B);

September, 2006 – Earl claims case file received;

November 30, 2006 – AEDPA statute of limitations expires without tolling;

January 4, 2007 – Earl files habeas petition (35 days late without tolling);

March, 2007 – AEDPA statute of limitations expires if statutory tolling applies under § 2244(d)(1)(B).

## II.

### A.

On appeal Earl argues that the district court erred by not applying the doctrine of equitable tolling to the AEDPA statute of limitations. This court reviews the decision to deny equitable tolling de novo. United States v. Hernandez, 436 F.3d 851, 858 (8th Cir.), cert. denied, 126 S. Ct. 2341 (2006). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Although AEDPA's one year statute of limitations applies to petitions for federal habeas relief, 28 U.S.C. § 2244(d)(1), equitable tolling may be available to toll the time limit under certain circumstances. Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004). That is because AEDPA's one year limitations period is a true statute of limitations rather than a jurisdictional bar. Id. Although the Supreme Court has never expressly held that AEDPA permits equitable tolling, it has had reason to assume it does without deciding the question:

We have not decided whether § 2244(d) allows for equitable tolling. Because the parties agree that equitable tolling is available, we assume without deciding that it is. To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.

Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (internal citation and quotation marks omitted).

In this circuit "equitable tolling is appropriate only under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing of a petition" or where the "conduct of the defendant has lulled the plaintiff into inaction." Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (internal quotation marks omitted). The use of equitable procedures "to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002) (quoting Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001)). We will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights. Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007).

The state argues as a threshold matter that Earl has raised the issue of equitable tolling for the first time on appeal, precluding our consideration of the issue. See, e.g., Tramp v. United States, 978 F.2d 1055, 1056 (8th Cir. 1992) (per curiam). In support of this contention, the state suggests that both within his response to its motion to dismiss and his objections to the magistrate judge's report and recommendation, Earl referred to the doctrine of equitable tolling by name but actually relied on statutory provisions in 28 U.S.C. § 2244(d)(1). The district court therefore erred in issuing a COA that authorized the consideration of equitable tolling on appeal. We disagree.

First, Earl made an argument in support of equitable tolling at the district court. In his response to the state's motion to dismiss his habeas petition, Earl expressly argued that he was entitled to equitable tolling: "Petitioner states that the principles of equitable tolling apply to his situation as enumerated under Title 28 U.S.C. § 2244(d), and that his Petition is not time barred due to these 'extraordinary circumstances.'" Earl's emphasis of the "extraordinary circumstances" requirement, one of two predicates to the application of equitable tolling, indicates that he attempted to raise the concept below.

Second, Earl cited case law relevant to equitable tolling and quoted extensively from Gassler in his brief in support of his objections to the magistrate judge's report and recommendation:

> The doctrine of equitable tolling may apply here, because the limitations period in § 2244(d)(1) is not a jurisdictional bar. . . . However, equitable tolling is appropriate only under limited conditions, for example where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing of a petition. . . . Equitable tolling is also appropriate where the 'conduct of the defendant has lulled the plaintiff into inaction.' (omissions in the brief).

Pro se filings are to be construed liberally, Mellott v. Purkett, 63 F.3d 781, 784 n.4 (8th Cir. 1995), and we conclude that Earl introduced the issue of equitable tolling below. This issue is therefore properly before us.

This circuit has not yet considered whether a state created delay in providing a prisoner notice that his judgment of conviction has become final is an extraordinary circumstance beyond the petitioner's control which could equitably toll the AEDPA statute of limitations. Several other circuits have discussed the issue and held that the application of equitable tolling is warranted when there have been delays of similar

length so long as the petitioner has pursued his rights with diligence.[3]  See Diaz v. Kelly, 515 F.3d 149, 155 (2d Cir.), cert. denied, 129 S. Ct. 168 (2008); Jenkins v. Johnson, 330 F.3d 1146, 1155 (9th Cir. 2003); Miller v. Collins, 305 F.3d 491, 495-96 (6th Cir. 2002); Knight v. Schofield; 292 F.3d 709, 711 (11th Cir. 2002) (per curiam); Woodward v. Williams, 263 F.3d 1135, 1142-43 (10th Cir. 2001); Phillips v. Donnelly, 216 F.3d 508, 510-11 (5th Cir. 2000) (per curiam).  District courts have also reached the same conclusion.  See, e.g., United States ex rel. Willhite v. Walls, 241 F. Supp. 2d 882, 888 (N.D. Ill. 2003);  Brandon v. United States, 89 F. Supp. 2d 731, 734 (E.D. Va. 2000).

We agree that a significant state created delay in providing a prisoner with notice that his state judgment of conviction has become final amounts to an extraordinary circumstance beyond a prisoner's control which can equitably toll the AEDPA statute of limitations if the petitioner has pursued his rights with diligence. After Earl's conviction, but before his state appeal process concluded, he was involuntarily transferred from Minnesota to an undisclosed correctional facility in Florida.  Thereafter, the state refused to inform Earl's attorney where he could be reached and thus deprived counsel of the ability to contact him directly.  Having rendered Earl incommunicado, the state assumed the responsibility to transmit information about his case and counsel's correspondence to him in a timely fashion. Earl alleges the state failed to deliver timely notice, and whether the delay occurred in Minnesota or in Florida is irrelevant.  For equitable tolling to be warranted, the extraordinary circumstance need only be one beyond petitioner's control.

---

[3]In contrast, an ordinary de minimis delay incident to transmission of mail from court to prisoner would not be an extraordinary circumstance warranting equitable tolling.  See, e.g., Diaz, 515 F.3d at 155 (AEDPA is not tolled during "brief interval between the entry of a state court order and its receipt a few days later after prompt mailing.").

Whether equitable tolling is appropriate on the facts of this case depends not only on whether Earl's allegations of delayed notice are credible, but also on whether he pursued his rights with the requisite diligence. The state argues that Earl should be denied equitable tolling because he did not act with diligence in pursuing his rights. Although Earl alleges that he did not receive notice that his judgment of conviction had become final until March of 2006 – approximately seven months after the decision was rendered – he still had until November 30, 2006 – a span of approximately eight months – to file his habeas petition. Typically under such circumstances Earl would not be entitled to equitable tolling. See Pace, 544 U.S. at 419 (petitioner who waited five months after judgment of conviction became final to file habeas petition did not establish requisite diligence). But see Diaz, 515 F.3d at 155-56 (petitioner who filed habeas petition within one day of receiving delayed notice acted with requisite diligence); Phillips, 216 F.3d at 511 (petitioner who filed habeas petition within one month of allegedly receiving delayed notice pursued rights with diligence).

Earl suggests that in his case additional factors worked in concert with the late notice entitling him to equitable tolling. He first argues that the state prejudiced his opportunity to file a timely petition by allegedly delaying the delivery of his case file for a full year, but it does not appear that Earl required his case file to prepare his habeas petition. His petition lists a single claim for relief – that his federal constitutional rights were violated when the prosecutor introduced Earl's allegedly inadmissible confession at trial. Earl made this very argument before both the state trial court and the supreme court. Second, Earl argues that the lack of access to Minnesota legal materials in Florida, when considered in conjunction with the delayed notice, constitutes an extraordinary circumstance making equitable tolling appropriate. Earl claims that he required Minnesota legal materials to determine the date when direct review concluded and the limitations period began to run. The applicable rules, however, are United States Supreme Court Rules 13.1 and 13.3, which Earl does not allege were unavailable to him. Moreover, lack of access to legal resources does not typically merit equitable tolling. "Even in the case of an unrepresented prisoner

-10-

alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

Finally, Earl argues that the limited access his prison employment afforded him to the law library, when considered in conjunction with the delayed notice, was an extraordinary circumstance making equitable tolling appropriate. He asserts that the library was only available to him for a few hours on Saturdays due to the nature of his prison job. Because there is "no freestanding constitutional right to a particular number of hours in the prison law library," Entzi v. Redman, 485 F.3d 998, 1005 (8th Cir. 2007), cert. denied, 128 S. Ct. 1714 (2008), Earl's alleged limited access to the library does not impact our determination that he failed to act with the requisite diligence. Since we conclude that Earl did not diligently pursue his rights he is not entitled to equitable tolling of the AEDPA statute of limitations.

B.

Earl argues in the alternative that the district court erred by not statutorily tolling the AEDPA limitations period under 28 U.S.C. § 2244(d)(1)(B) or (D).[4] We review de novo the district court's interpretation of the one year AEDPA limitations period. Finch, 491 F.3d at 426.

28 U.S.C. § 2244 provides in relevant part:

(d)(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[4]In his notice of appeal Earl contended that he was "eligible for equitable tolling" and that his petition was "timely filed under § 2244(d)." In granting a certificate of appealability the district court stated that it was granted "to the extent Petitioner appeals the decision that his habeas corpus petition was timely filed." This language is broad enough to authorize review of the statutory tolling issue. See, e.g., Jorss v. Gomez, 311 F.3d 1189, 1192-93 (9th Cir. 2002) (grant of COA on issue of equitable tolling necessarily authorizes review of statutory tolling).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

. . . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA statute thus provides that the commencement of the limitations period for timely filing a habeas petition may sometimes extend beyond the date on which the state judgment becomes final.

The statutory language in § 2244(d)(1)(D), unlike that in § 2244(d)(1)(B), contains a requirement that the petitioner have exercised "due diligence." Earl argues that he could not have discovered the factual predicate of his habeas claim through the exercise of due diligence until he received his case file. Since he allegedly received that in September of 2006 and filed his petition on January 4, 2007, he argues it was timely under § 2244(d)(1)(D). This argument is not persuasive. "[T]he factual predicate of a petitioner's claims constitutes the vital facts underlying those claims." McAleese v. Brennan, 483 F.3d 206, 214 (3rd Cir. 2007) (internal quotation marks omitted).

Earl alleges that his constitutional rights were violated when the state introduced his confession at trial, and this allegation is the vital fact underlying his claim. Because Earl's habeas petition lists this single claim for relief and he made the very same argument before the state courts, he knew the factual predicate of his claim even before the date on which he could file for habeas relief. While Earl certainly wanted his case file earlier, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of

-12-

evidence that might . . . support his claim." Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998). Earl is "confusing his knowledge of the factual predicate of his claim with [the process of] gathering evidence in support of that claim." Id. As Judge Easterbrook has explained, "[a] desire to see more information in the hope that something will turn up differs from the factual predicate of a claim or claims for purposes of 2244(d)(1)(D)." Johnson v. McBride, 381 F.3d 587, 589 (7th Cir. 2004) (internal quotation marks omitted).

Earl also argues that his petition was timely filed under 28 U.S.C. § 2244(d)(1)(B). To take advantage of that section of the statute, a petitioner must show that the state created an impediment to the filing of his petition by action "in violation of the Constitution or laws of the United States." If such a showing is made, the one year AEDPA limitations period runs from the date such impediment is removed. Earl claims he is entitled to tolling under this section because the state delayed his receipt of notice that the judgment in his case was final. The plain language of the statute makes clear that "whatever constitutes an impediment must prevent a prisoner from filing his petition." Moore v. Battaglia, 476 F.3d 504, 506 (7th Cir. 2007) (quoting Lloyd v. VanNatta, 296 F.3d 630, 633 (7th Cir. 2002) (per curiam)).

The Eighth Circuit has not yet considered whether a state created delay in providing a prisoner with notice that his judgment is final can amount to an impediment in violation of the Constitution or laws of the United States such that statutory tolling could be warranted for a petition subject to AEDPA. Without defining the full contours of the term "impediment," we conclude that the delay alleged by Earl, if credible, could possibly amount to a state impediment under § 2244(d)(1)(B). The federal habeas right does not accrue until the state appeal is complete, see Carey v. Saffold, 536 U.S. 214, 220 (2002), and the lack of notice that a state judgment of conviction has become final could be an impediment that prevents a prisoner from filing a petition depending on the particular circumstances of the case. Failure to notify a defendant of a state appellate court decision is a matter of state law and procedure unless it denies the prisoner his constitutional right of access to the

courts.[5] This is a fact intensive issue of federal law as illustrated by the circuit cases remanding, for detailed tolling consideration, claims that a prison law library did not include the AEDPA statute of limitations. See, e.g., Moore, 476 F.3d at 506-07. Whether an impediment "prevented" the filing of a habeas claim is also a distinct fact intensive issue that has been the basis for denying 2244(d)(1)(B) relief. See Wood v. Spencer, 487 F.3d 1, 7-8 (1st Cir.), cert. denied, 128 S. Ct. 260 (2007).

Access to the courts is a constitutional right whose basis is unsettled. Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir. 2005) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). In Scheeler we concluded that a right to access the courts can be derived from the First Amendment. Id. To prevail under the First Amendment a claimant typically bears the burden of proving that the defendants intentionally restricted his access to the courts. Id. Here, there has been no suggestion that the state intentionally restricted Earl's access to the courts. On the other hand, "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." Boddie v. Connecticut, 401 U.S. 371, 377 (1971). If Earl's allegation of late notice were believed, he may have been effectively deprived of a meaningful opportunity to be heard on collateral review for a period of almost seven months, hardly a de minimis deprivation given the AEDPA one year limitations period.[6]

The state suggests that § 2244(d)(1)(B) contains an unwritten diligence requirement which dooms Earl's statutory tolling claim. When confronted with a similar suggestion, the First Circuit expressly declined to find a "hidden diligence

---

[5]Earl suggests that the delayed notice constituted a denial of access to counsel, but there is no constitutional right to the assistance of counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555-58 (1987).

[6]Cf. Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir. 1989) (explaining that three day denial of access to courts does not amount to due process violation).

-14-

requirement" in § 2244(d)(1)(B). <u>See</u> <u>Wood</u>, 487 F.3d at 8 ("Let us be perfectly clear. We do not hold that section 2244(d)(1)(B) contains a hidden diligence requirement . . . ."). In a case where a petitioner both "failed to explain why the documents held by the state were necessary to pursue his federal claim" and did not act diligently even after receiving them, the Tenth Circuit rejected a tolling claim under § 2244(d)(1)(B) without stating why diligence was considered (perhaps because it was only an alternate basis for decision). <u>See</u> <u>Clark v. Oklahoma</u>, 468 F.3d 711, 714 (10th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 3007 (2007). <u>See also</u> <u>Roy v. Lampert</u>, 465 F.3d 964, 972 n.3 (9th Cir. 2006) (§ 2244(d)(1)(B) statutory tolling claim considered "identical" to one of equitable tolling), <u>cert. denied</u>, 127 S. Ct. 1880 (2007).

We observe that Congress expressly included a diligence requirement in one AEDPA tolling section – § 2244(d)(1)(D) – but omitted it from § 2244(d)(1)(B). "[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.'" <u>BFP v. Resolution Trust Corp.</u>, 511 U.S. 531, 537 (1994). The focus of each of these sections is different. The focus of § 2244(d)(1)(B) is on the state's responsibility for creating an impediment to timely filings while the focus of § 2244(d)(1)(D) is on the petitioner's responsibility to identify the factual basis for his habeas claim in timely fashion. Although § 2244(d)(1)(D) requires a habeas petitioner to exercise due diligence in discovering the factual basis of his habeas claim, it does not require a habeas petitioner to proceed with diligence once the factual predicate has been identified. Instead, the petitioner has one year from that point to file his claim.

To interpret § 2244(d)(1)(B) to mean that a petitioner who can establish that a state created impediment has prevented him from filing must file in less than one year after that impediment has been removed would deprive him of the one year generally available under AEDPA. Such a conclusion would be inconsistent with the one year available under § 2244(d)(1)(D), impose a greater burden on a § 2244(d)(1)(B) petitioner even though that burden is not written in the statute, and seemingly defeat the purpose of § 2244(d)(1)(B) which is to protect the habeas rights of a petitioner

-15-

suffering from injurious state action. As a unanimous Supreme Court recently pointed out in interpreting 28 U.S.C. § 2244(d)(1)(A), "when the statutory language is plain, we must enforce it according to its terms." Jimenez v. Quarterman, No. 07-6984, 2009 WL 63833 (U.S. Jan. 13, 2009).

Despite the notable difference in focus and wording between the two statutory sections we need not decide at the present time whether § 2244(d)(1)(B) should be interpreted to contain an unspecified diligence requirement since it has not been established when Earl actually received notice that his judgment of conviction had become final. Nor has it been established whether the delay was an impediment that prevented Earl from filing a habeas petition. See Wood, 487 F.3d at 8 (no relief under § 2244(d)(1)(B) where state conduct did not prevent petitioner from filing). The Supreme Court has noted that § 2244(d)(1)(B) "require[s] claim-by-claim consideration." Pace, 544 U.S. at 416 n.6. Although Earl argues that the facts he alleges are undisputed, neither the magistrate judge nor the district court made relevant findings of fact. Nor did they specifically analyze Earl's claim under § 2244(d)(1)(B).

Because there are mixed issues of fact and law which should be addressed in the district court, Earl's petition must be remanded for further development. We leave it to the district court to determine whether a courtroom hearing need be conducted or whether the record can best be developed by use of the mails or telecommunication. The district court should make findings on what mechanism the state of Minnesota relied on to send notice to Earl, what actually happened to delay notice, and when Earl actually received notice that his judgment had become final. Although no evidence of intentional delay has been presented, it is worthy of note that an inmate has a liberty interest protected by the due process clause in uncensored communication. United States v. Bonner, No. 07-3676, 2009 WL 48223, at *2 (8th Cir. Jan. 9, 2009). The ultimate issue for the district court to determine on remand is whether the state created an impediment that prevented Earl from filing his habeas petition.

-16-

## III.

Accordingly, we vacate the judgment and remand to the district court for further development of the record to determine whether state action created an impediment in violation of the Constitution or laws of the United States which prevented Earl from filing his petition. The district court should then certify its findings and conclusions to the clerk of this court who shall refer them back to this panel.

_____