# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2388

_____

Vanice Terrell Heath,                               *
                                                    *
                Appellant,                           *
                                                    *   Appeal from the United States
        v.                                          *   District Court for the Southern
                                                    *   District of Iowa.
John F. Ault,                                       *
                                                    *   [UNPUBLISHED]
                Appellee.                            *

_____

Submitted:  September 8, 2009
    Filed:  September 11, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

        Vanice Terrell Heath appeals the district court's[1] order dismissing his 28 U.S.C. § 2254 petition as untimely.  The district court granted a certificate of appealability, and we affirm.

        The parties agree that Heath's conviction became final on January 1, 1998; that he did not file his federal petition within one year of that date, see 28 U.S.C. § 2244(d)(1); and that his state application for postconviction relief did not toll the

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

limitations period, as it was not filed until November 12, 1999, see id.(d)(2).  Heath argues, however, that he is entitled to equitable tolling because he had a learning disability in reading and he was unaware of the applicable deadlines.  We first reject the state's argument that the equitable-tolling doctrine is no longer valid for purposes of section 2244(d).  See Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009) (§ 2244(d) is true statute of limitations rather than jurisdictional bar).  We agree with the district court, however, that Heath did not establish the extraordinary circumstances necessary to equitably toll the limitations period.  See Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) (equitable tolling provides "'exceedingly narrow window of relief'" (quoting Jihad v. Hvass, 267 F.3d 803, 805) (8th Cir. 2001))); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling is appropriate only if extraordinary circumstances beyond prisoner's control made timely petition impossible or defendant's conduct lulled prisoner into inaction).

Accordingly, the judgment is affirmed.

_____