COLLOTON, Circuit Judge. Roger Coulter was convicted of murder in Arkansas and sentenced to death. He petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the conviction and sentence. The district court[1] dismissed Coulter’s petition as untimely. Under the federal Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner has one year from the latest of four dates to file a habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period is tolled during the time in which “a properly filed application for State postrconviction or other collateral review with respect to the pertinent judgment ... is pending.” Id. § 2244(d)(2). Coulter raises three issues on appeal. First, he contends that the district court erred in considering the State’s statute-of-limitations defense at all. He contends that the State waived the defense by failing to raise it or, alternatively, that the interests of justice required the district court to forego addressing the defense. Second, Coulter argues that the district court either applied the incorrect provision to measure the one-year period under § 2244(d)(1) or failed to account for time when the period was tolled. Finally, he asserts that the district court erred in refusing to rule that the limitations period was equitably tolled. We conclude that these contentions lack merit, so we affirm the judgment. I. In 1989, a jury convicted Coulter in the Ashley County Circuit Court of capital murder for the rape and murder of a five-year-old girl and sentenced Coulter to death by lethal injection. In 1991, the Arkansas Supreme Court affirmed the conviction, and the Supreme Court denied certiorari. Coulter v. State, 304 Ark. 527, 804 S.W.2d 348, cert, denied, 502 U.S. 829, 112 S.Ct. 102, 116 L.Ed.2d 72 (1991). In December 1991, Coulter sought state post-conviction relief. Almost eight years later, on October 8, 1999, the circuit court denied Coulter’s petition. The circuit court mailed a copy of the judgment to Coulter’s attorney, but sent it to an old address. On October 21, the clerk of court received the judgment in return mail; it was marked as “undeliverable as addressed-forwarding order expired.” The record shows no additional attempts by the circuit court to notify Coulter’s attorney of the denial of post-conviction relief. Under Arkansas Criminal Rule of Appellate Procedure 2(a)(4), Coulter had until November 8, 1999, thirty days after entry of the circuit court’s judgment, to file a notice of appeal. See also Ark. R. App. P. Crim. 17. On January 25, 2000, over two months after the appeal deadline had expired, the Arkansas Attorney General’s office contacted Coulter’s attorney and notified him that Coulter’s request for post-conviction relief had been denied. That day, Coulter’s attorney filed a notice of appeal with the Arkansas Supreme Court. On February 22, Coulter’s attorney filed a motion for belated appeal under Arkansas Criminal Rule of Appellate Procedure 2(e). The Arkansas Supreme Court granted the motion on March 30 and considered the appeal. The state supreme court eventually affirmed the denial of Coulter’s request for post-conviction relief and issued its mandate on December 19, 2000. On October 1, 2001, Coulter filed his petition for habeas corpus in the district court. The district court permitted Coulter to amend his petition twice, in September 2003 and January 2007, to include additional challenges to his conviction. In September 2009, the district court issued an order observing that the State had raised several “threshold matters” for consideration, including at least one of the following matters—the statute of limitations, procedural default, and exhaustion of state remedies—on each of Coulter’s alleged grounds for relief. The court established a briefing schedule for the parties to address all statute-of-limitations arguments and procedural defenses. The State then filed a “First Amended Response to Petitioner’s Second Amended Petition.” In its response, the State stated that it interpreted the court’s September order as granting the State leave to amend its responsive pleading. Alternatively, the State sought the court’s leave to amend its pleading under Federal Rule of Civil Procedure 15(a)(2). In the amended response, the State asserted that Coulter’s original petition was untimely because it was filed after AEDPA’s one-year statute of limitations had expired. See 28 U.S.C. § 2244(d). The court held an evidentiary hearing on the limitations and procedural matters, and the parties filed post-hearing briefs. Coulter argued that the State had waived its statute-of-limitations defense or that the court should decline to address the defense. Alternatively, he urged that his petition was timely under AEDPA’s statutory tolling rules or that the time limit should be equitably tolled. In its order, the district court first addressed the State’s motion to amend its response under Rule 15(a)(2) and declined to accept the amended response based on the court’s briefing order. The court noted that Rule 15 provides that leave to amend is to be freely granted when justice so requires. The court concluded that the State’s motion to amend its response to Coulter’s second amended petition was not filed in bad faith, with dilatory motive, or with undue delay, noting that the parties had been actively litigating the procedural defenses and statute-of-limitations arguments since Coulter filed his Second Amended Petition in January 2007. The court also determined that allowing the State to amend its response would not unduly prejudice Coulter, because Coulter had the opportunity to raise his arguments in two rounds of briefing and to present evidence at a hearing. Finally, the district court observed that it had permitted Coulter to amend his petition twice. The court stated that Coulter failed to present any reason why the State “should not enjoy the same consideration and application in the interest of justice.” Accordingly, the court granted the State’s motion to amend. The district court then addressed the statute-of-limitations argument and dismissed Coulter’s petition as untimely. In concluding that the petition was untimely, the court reasoned as follows: Under AEDPA, Coulter’s limitations period was tolled while his state post-conviction proceedings were pending in the Ashley County Circuit Court. The limitations period began to run after the time for filing an appeal expired on November 8, 1999. The limitations period ran for 106 days until Coulter filed his motion for belated appeal on February 22, 2000. The limitations period was then tolled until December 19, 2000, when the Arkansas Supreme Court issued its mandate affirming the denial of Coulter’s post-conviction relief. Coulter filed his federal habeas petition 286 days later, on October 1, 2001. The district court determined that a total of 392 untolled days elapsed before Coulter filed his petition, so with a limitations period of 365 days, his petition was twenty-seven days late. The court also denied Coulter’s request for equitable tolling, because he failed to show that he was reasonably diligent in pursuing his rights. The court then denied Coulter’s post-judgment motions, but granted a certificate of appealability “with respect to whether the original and all subsequent petitions are time barred by the AEDPA one year statute of limitations and whether [Coulter] is . entitled to equitable tolling.” II. We consider first whether the district court abused its discretion by considering a statute-of-limitations defense. Coulter argues that the State waived this defense because it repeatedly engaged the merits of Coulter’s petition, failed to argue that the original petition was untimely in its responsive pleadings, asserted in previous court filings that Coulter’s petition was timely, and waited several years to raise the limitations defense. Alternatively, Coulter contends that the interests of justice are best served by addressing the merits of his petition. We review the district court’s decision for abuse of discretion. Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003); see Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Waiver requires the “intentional relinquishment or abandonment of a known right.” Wood v. Milyard, 566 U.S. 463, 474, 132 S.Ct. 1826, 182 L.Ed.2d 733 (2012) (quoting Kontrick v. Ryan, 540 U.S. 443, 458 n.13, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). In Wood, the Court determined that a State waived a statute-of-limitations defense when it said in the district court that “Respondents are not challenging, but do not concede, the timeliness of the petition.” Id. at 467, 132 S.Ct. 1826 (quotation omitted). The Court observed that the State expressed a “clear and accurate understanding of the timeliness issue” and “deliberately steered the District Court away from the question and towards the merits of [the] petition.” Id. at 474, 132 S.Ct. 1826. On the other hand, the Court held in Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), that a State did not waive a statute-of-limitations argument when the State committed “merely an inadvertent error” in failing to raise it earlier. Id. at 211, 126 S.Ct. 1675. Coulter has not established that the State waived the statute-of-limitations defense here. Unlike the petitioner in Wood, Coulter has not identified any expression by the State of a clear and accurate understanding of the timeliness issue and a deliberate effort to forego raising a meritorious defense. The State did assume in certain pleadings that Coulter’s original petition was timely, but there is nothing to show more than negligence by counsel for the State in failing to recognize earlier that Coulter’s original petition was untimely. The State thus did not knowingly and intelligently waive its statute-of-limitations defense. Next, Coulter argues that in determining whether to address the State’s statute-of-limitations defense, the district court was required to apply a more stringent standard than the rule of civil procedure that governs leave to amend pleadings. See Fed. R. Civ. P. 15(a)(2). Coulter relies on Day, where the Court addressed whether a district court could raise a statute-of-limitations defense sua sponte. In that situation, a district court “must assure itself that the petitioner was not significantly prejudiced by the delayed focus on the limitation issue,” and must “determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.” Day, 547 U.S. at 210, 126 S.Ct. 1675 (internal quotation omitted). Day is inapplicable here, because the district court did not act sua sponte. The district court did not raise the timeliness of Coulter’s original petition on its own motion; the State moved to amend its response to include the defense that Coulter’s original petition was untimely. The district court therefore properly analyzed the State’s motion under Rule 15(a)(2). Rule 15(a)(2) states that “a party may amend its pleading only with the opposing party’s written consent or the court’s leave.” The Rule further provides that “[t]he court should freely give leave when justice so requires.” Fed. R. Civ. P. 15(a)(2); see Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000). We have said that leave “should normally be granted absent good reason for a denial.” Popp Telcom, 210 F.3d at 943. Coulter first argues that the district court abused its discretion in granting leave because the State’s delay in raising the limitations defense prejudiced him. Coulter asserts that if the State had raised the defense earlier, then he would have been able to establish a better case for equitable tolling. He asserts that his legal counsel, although present' at the evidentia-ry hearing, was unable to recall certain facts about his case. But Coulter did not present this concern to the district court, so the State had no opportunity to present evidence or argument about it, and the district court had no occasion to address it. Coulter’s evidence of prejudice, moreover, was vague and speculative. He points only to his post-conviction counsel’s answer, when asked whether there were things that he could not remember about the representation, that “I’m sure there are a lot of things I can’t remember, I’m 76.” This evidence is insufficient to establish that the district court abused its discretion in concluding that there was no undue prejudice to Coulter from granting the State leave to amend its response. Coulter’s second contention is that the district court abused its discretion because the State had several opportunities to assert the defense earlier. Delay alone, however, is an insufficient reason to deny a litigant’s motion to amend under Rule 15(a)(2). Moore-El v. Luebbers, 446 F.3d 890, 902 (8th Cir. 2006). Here, the district court found that there was no evidence that the State withheld the limitations argument strategically or in bad faith. The court also noted that the State and Coulter had been actively litigating the issues of procedural defense and limitations arguments during the two years between Coulter’s second amended petition and the State’s motion to amend its response; the amended response was thus compatible with the status of the litigation. There is no per se rule against even sua sponte consideration of a statute of limitations in a capital case, see Gray v. Branker, 529 F.3d 220, 241 (4th Cir. 2008), so the nature of the case did not preclude the court from granting leave to amend. The court ensured that Coulter was able to state his position on the limitations issue in two rounds of briefing and at an evidentia-ry hearing. The court’s ruling also aligned with its previous orders granting Coulter leave to amend his original 2001 petition twice, in 2003 and 2007. We see no abuse of discretion in the district court’s evenhanded application of Rule 15(a)(2). III. For the first time on appeal, Coulter argues that the district court incorrectly applied 28 U.S.C. § 2244(d)(1)(A)—“the date on which the judgment became final”—as the trigger for Coulter’s one-year limitations period. In the district court, Coulter argued that his petition was timely under § 2244(d)(1)(A), but he now argues that § 2244(d)(1)(B) sets forth the appropriate starting point for his one-year limitations period. That subsection refers to “the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.” Coulter seeks to argue that the Arkansas circuit court clerk’s failure to send counsel the judgment in his post-conviction proceeding was an “impediment to filing an application created by State action in violation of the Constitution or laws of the United States.” We ordinarily do not consider an argument for reversal that is raised for the first time on appeal. Williams v. Clarke, 40 F.3d 1529, 1535 (8th Cir. 1994). Coulter contends that the rule is inapplicable here, because an argument about the proper trigger date for the statute of limitations—like the standard of review under AEDPA, see Ward v. Stephens, 777 F.3d 250, 257 n.3 (5th Cir. 2015)—cannot be waived. Wood already established, however, that a State can waive a statute-of-limitations defense, and Day said that a court is not “obliged” to raise the issue sua sponte. 547 U.S. at 209, 126 S.Ct. 1675. There is no merit, therefore, to Coulter’s suggestion that ordinary procedural rules requiring presentation in the district court cannot apply to a statute-of-limitations argument. Coulter next suggests that vigorous litigation in the district court about equitable tolling provided the court with an opportunity to apply § 2244(d)(1)(B), but the two issues are separate and distinct. That equitable tolling might apply to a petition that is otherwise barred by § 2244(d)(1)(A) does not alert the district court that the prisoner wants the court to apply § 2244(d)(1)(B). Coulter contends that he is raising only a new “argument” on appeal, not a new “issue,” and that we have not refused to consider “each nuance or shift in approach urged by a party simply because it was not similarly urged below.” See Universal Title Ins. Co. v. United States, 942 F.2d 1311, 1314 (8th Cir. 1991) (quotation omitted). Coulter raised one statutory argument before the district court: whether § 2244(d)(2) applied to toll Coulter’s one-year statute of limitations under § 2244(d)(1)(A). Whether a State-created impediment prevented Coulter from filing his habeas petition under § 2244(d)(1)(B) is not merely a “nuance or shift in approach.” It is an entirely new issue under a different statutory provision that the district court did not have an opportunity to address. Coulter also urges us to exercise our discretion to consider the new issue for the first time on appeal. We typically do so only when a party presents a question of law and refusing to determine the issue could lead to injustice. In re Modern Textile, Inc., 900 F.2d 1184, 1191 (8th Cir. 1990). On the legal issue here, we are skeptical that a court clerk’s failure to send notice of a judgment to counsel is a state-created “impediment” that “prevented” Coulter from filing a habeas petition. He was free to file a petition at any time. Equitable tolling is available to address delayed notice that leads a prisoner to believe that filing was not necessary or ripe, but § 2244(d)(1)(B) requires state action that actually prevents a filing. The section would apply, for instance, when a State prevents a prisoner from sending mail to the court, or perhaps when a prison law library refuses to furnish essential legal materials, see Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003), but not when a State merely fails to provide a trial transcript, Lloyd v. VanNatta, 296 F.3d 630, 633 (7th Cir. 2002). The Fifth Circuit thus expressed “serious reservations” about whether the State’s failure to notify a prisoner of a post-conviction ruling “provides a basis for a statutory tolling claim rather than merely an equitable tolling claim.” Clarke v. Rader, 721 F.3d 339, 343 (5th Cir. 2013); see Critchley v. Thaler, 586 F.3d 318, 321 n.3 (5th Cir. 2009). This court left open the possibility that lack of notice of finality “could be” a state-created impediment under § 2244(d)(1)(B), see Earl v. Fabian, 556 F.3d 717, 726 (8th Cir. 2009), but if it were, then it would be a “fact intensive issue,” id., not a purely legal issue that we might consider as a matter of discretion for the first time on appeal. We therefore decline to address further the applicability of § 2244(d)(1)(B). IV. Coulter next challenges the district court’s application of § 2244(d)(1)(A) and (d)(2), which we review de novo. Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). Section 2244(d)(1)(A) states that a petition must be filed within one year of “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” Section 2244(d)(2), known as the tolling provision, provides: “The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.” The district court concluded that Coulter’s state post-conviction proceedings ceased to be “pending” when his time to appeal expired on November 8, 1999. See § 2244(d)(1)(A); Ark. R. App. P. Crim. 2(a)(4). The court determined that his limitation period continued to run until February 22, 2000 (106 days), when Coulter filed his motion for belated appeal to the Arkansas Supreme Court. The period was then tolled while the Arkansas Supreme Court considered the appeal, until December 20, 2000, the day after the supreme court issued its mandate denying relief. Another 286 days then elapsed between the issuance of the mandate and the date when Coulter filed his federal habeas petition on October 1, 2001. In total, 392 untolled days elapsed between the date when Coulter’s judgment of conviction became final and the date when he filed his petition. On the district court’s rationale, the petition was twenty-seven days late. Coulter contends that his petition was timely because his state post-conviction proceedings remained “pending” between November 8, 1999 (the date when the time for filing a notice of appeal expired) and February 22, 2000 (the date when Coulter filed his motion for belated appeal with the state supreme court). If that were correct, then there would be another 106 days of tolling under § 2244(d)(2), and the petition would be timely. Coulter’s argument is based on Arkansas Criminal Rule of Appellate Procedure 2(e). That rule provides that an appellant who failed to take a timely notice of appeal may move for belated appeal within eighteen months of the “date of entry of judgment or entry of the order denying post-conviction relief from which the appeal is taken.” Upon such a motion, the Arkansas Supreme Court “may act upon and decide a case ... when a good reason for the omission is shown by affidavit.” Ark. R. App. R. Crim. 2(e); see McDonald v. State, 356 Ark. 106, 146 S.W.3d 883, 888-89, 892 (2004). Coulter’s theory is that because the rules allow eighteen months for the filing of a belated appeal, a case should be deemed “pending” during that entire period, whether or not a motion was on file, if the supreme court later allows a belated appeal. An application for post-conviction review is pending “as long as the ordinary state collateral review process is in continuance—ie., until the completion of that process.” Carey v. Saffold, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (internal quotation marks omitted). The Supreme Court derived this conclusion from the common meaning of the term: “The dictionary defines ‘pending’ (when used as an adjective) as ‘in continuance’ or ‘not yet decided.’ It similarly defines the term (when used as a preposition) as ‘through the period of continuance ... of,’ ‘until the ... completion of.’ ” Id. at 219, 122 S.Ct. 2134 (citation omitted) (quoting Webster’s Third New International Dictionary 1669 (1993)). Applying Saffold, this court held in Streu v. Dormire, 557 F.3d 960 (8th Cir. 2009), that once a petitioner’s deadline for filing a notice of appeal passed without action by the petitioner, the state post-conviction application ceased to be “pending.” Id. at 966. We explained that once the deadline passes, there is nothing “in continuance” or “not yet decided.” We therefore concluded that the petitioner’s state post-conviction proceedings were not pending between the expiration of the time for appeal and the filing of a motion for belated appeal in Missouri. Id. Coulter argues that Streu is inapposite, because the Arkansas rule specifically allows an appellant eighteen months in which to file a motion for belated appeal, while Missouri had no such rule in Streu and simply adjudicated the motions on an ad hoc basis. Whether the appeal was “pending” before the motion was filed, however, does not depend on whether a State has codified the procedure for belated appeals. Missouri (through decisional law) and Arkansas (through Rule. 2(e)) both allow for belated appeals based on motions that are filed months after the ordinary time for filing an appeal has expired. Streu established that even when the court grants a motion to proceed with a belated appeal, the application for post-conviction relief is not considered “pending” during the period after the original deadline and before the motion for belated appeal is granted. Accord Gibson v. Klinger, 232 F.3d 799, 806-07 (10th Cir. 2000) (holding that despite state rules that allow a petitioner to file an appeal out of time, a petitioner’s state post-conviction relief was not- “pending” until the petitioner complied with those state procedures to seek an appeal). The district court thus ruled correctly that Coulter’s application was not pending between November 8, 1999, and February 22, 2000. Alternatively, Coulter argues that his state post-conviction proceedings were “pending” again when he filed a notice of appeal with the county clerk on January 27, 2000. But the time for filing a notice of appeal had expired on November 8, 1999, and the “notice” filed on January 27, 2000, was a nullity. It could not revive the state post-conviction application or make it pending. At that point, Coulter’s only recourse was to file the motion for belated appeal with the state supreme court. Nothing was “pending” before Coulter filed his motion on February 22.[2] For these reasons, we conclude that the district court did not fail to toll the statute of limitations for any time during which Coulter’s application was “pending.” Therefore, Coulter’s habeas petition was not timely filed under 28 U.S.C. § 2244. V. Coulter’s final argument is that he is entitled to equitable tolling of the statute of limitations. To receive equitable tolling, a petitioner must show “ ‘(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way’ and prevented timely filing.” Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The diligence required for equitable tolling is reasonable diligence, not “maximum feasible diligence.” Id. at 653, 130 S.Ct. 2549 (quotation omitted). The district court concluded that although Coulter had shown an extraordinary circumstance in the State’s failure to provide notice of the judgment in his post-conviction proceeding, he did not show that he diligently pursued his rights. The court therefore declined to apply equitable tolling. We review this decision de novo. See English v. United States, 840 F.3d 957, 958 (8th Cir. 2016). The State argues that the lack of notice to Coulter from the state circuit court was not an extraordinary circumstance that prevented Coulter from filing a timely petition, because Coulter’s attorney was at fault for failing to change his address on file with the clerk of court. We need not decide that question, because we discern no error in the district court’s conclusion that Coulter was not reasonably diligent. When the Arkansas Supreme Court issued its mandate in the post-conviction proceeding, approximately four months had run on Coulter’s one-year limitations period. Coulter thus had over eight months remaining to file a timely habeas petition. That he failed to proceed promptly with preparing and filing a petition evidences a lack of diligence. See Pace, 544 U.S. at 419, 125 S.Ct. 1807; Earl, 556 F.3d at 724. Coulter argues for the first time on appeal that he showed diligence by filing two motions during the eight months—a motion to appoint federal habeas counsel in January 2001 and a motion to authorize an investigator in June 2001. Merely acquiring legal representation, however, is not sufficient to establish reasonable diligence. Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004); see Muhammad v. United States, 735 F.3d 812, 816-17 (8th Cir. 2013). After counsel was appointed, Coulter still had approximately seven months to file his petition, but he did not move to authorize an investigator until five months later. Where a petitioner has not made good use of the time available to him within the limitations period, he has not demonstrated the diligence required to justify equitable tolling. See Williams v. Kelley, 830 F.3d 770, 773 (8th Cir. 2016); Gordon v. Arkansas, 823 F.3d 1188, 1195-96 (8th Cir. 2016); Nelson v. Norris, 618 F.3d 886, 893 (8th Cir. 2010); Earl, 556 F.3d at 724-25. Coulter argues that he is not required to show diligence during the eight-month period, and that the district court should have started the one-year limitations period no earlier than January 25, 2000, when he learned of the judgment in his state postconviction proceeding. He urges us to apply the so-called “stop-clock approach” recently adopted by the Second Circuit in Harper v. Ercole, 648 F.3d 132, 139-42 (2d Cir. 2011). Under this approach, the clock is stopped during the extraordinary circumstance that justifies equitable tolling: “[A] court may suspend the statute of limitations for the period of extraordinary circumstances and determine timeliness by reference to the total untolled period without requiring a further showing of diligence through filing.” Id. at 139. On that view, Coulter’s statute of limitations would have been tolled or “stopped” during the period when the state court failed to notify Coulter of his post-conviction judgment-— from November 8, 1999 to January 25, 2000. With additional tolling of these seventy-nine days, his petition would be timely- Even assuming for the sake of analysis that our precedent does not foreclose the “stop-clock” approach, the Harper decision is not as forgiving as Coulter suggests. To secure equitable tolling, a petitioner also must show that the extraordinary circumstance caused him to miss the original filing deadline. Id. at 137. “A court may conclude that such causation is lacking where the identified extraordinary circumstances arose and concluded early within the limitations period. In such circumstances, a diligent petitioner would likely have no need for equity to intervene to file within the' time remaining to him.” Id. That is precisely the situation here. Coulter’s extraordinary circumstance ended with eight months remaining in the limitations period. He or his attorney could have calculated the remaining time just as we and the district court have calculated it, and the availability of equitable tolling does not turn on the ease or difficulty of a discernable time computation. In any event, the dissent’s contention that it was supposedly unclear that eight months remained, post, at 627, is irrelevant to whether Coulter was prevented from filing a timely petition, because the causation requirement means that he must proceed with reasonable diligence. See Harper, 648 F.3d at 138 n.5. Coulter has not demonstrated that he was incapable, with the exercise of reasonable diligence, of filing a timely petition within the remaining eight months, so equity will not intervene. Whether or not we apply the “stop-clock” approach, Coulter is not eligible for equitable tolling. See Hizbullahankhamon v. Walker, 255 F.3d 65, 76 (2d Cir. 2001) (Sotomayor, J.) (concluding that even if petitioner established an extraordinary circumstance based on twenty-two days when he was denied access to legal materials at the beginning of his one-year limitations period, petitioner was not entitled to equitable tolling for those days because this circumstance did not prevent him from filing a timely petition).[3] [[Image here]] The judgment of the district court is affirmed. . The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas. . Streu did not decide whether a petitioner’s application for post-conviction relief became pending when he filed motion for belated appeal or when the state court granted the motion. 557 F.3d at 967. Resolution of that issue does not affect the outcome here. We assume for the sake of analysis that Coulter's application became pending when he filed his motion for belated appeal on February 22, 2000, because that is the interpretation most favorable to Coulter. . The dissent, post, at 627 n.7, seems to think that a petitioner satisfies the Second Circuit's causation requirement simply by showing that the number of days by which the petition is late is fewer than the number of days that elapsed during the extraordinary circumstance. That is not correct. In Hizbullahank-hamon, for example, the petition was sixteen days late, but the petitioner was not entitled to equitable tolling for twenty-two days based on an extraordinary circumstance, because he could not show that the extraordinary circumstance at the beginning of the limitations period prevented him from filing a timely petition. 255 F.3d at 76.