NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010[*]
Decided April 26, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3783

| | |
|---|---|
| AARON DEROO, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Western District of Wisconsin. |
| *v.* | No. 09-cv-247-bbc |
| CAROL HOLINKA, | Barbara B. Crabb, |
| *Respondent-Appellee.* | *Judge.* |

O R D E R

Federal prisoner Aaron Deroo petitioned for a writ of habeas corpus, see 28 U.S.C. § 2241, claiming that the Bureau of Prisons violated his right to due process during a series of disciplinary cases by revoking good-time credits without giving him written statements

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

of reasons. But Deroo received the missing statements after he filed his petition in the district court, and the BOP promised to restart the time for filing administrative appeals. The district court thus concluded that it would be premature to review the underlying disciplinary proceedings. We agree.

From February 2000 to June 2005, Deroo lost 201 days of good time over the course of 8 disciplinary proceedings. The hearing officer prepared a written statement of reasons for each disciplinary action, but Deroo never received copies, nor was he given notice of his right to appeal the decisions. In 2008 he eventually requested the documents under the Freedom of Information Act, 5 U.S.C. § 552. First, he sought "disciplinary hearing officer report receipts," but the BOP informed him that such records do not exist. Deroo then demanded the disciplinary reports. This time he received a letter stating that a backlog of FOIA requests would delay a response. When he inquired further, the BOP closed his file, apparently under the mistaken belief that his request for the reports was duplicative of his request for the nonexistent "receipts." An agency appeal of that decision is pending.

When the FOIA process proved unavailing, Deroo filed administrative appeals of these eight disciplinary actions without supplying the missing statements of reasons, as he always had been free to do. See 28 C.F.R. § 542.19 (explaining process for taking administrative appeal from adverse disciplinary decision where no statement of reasons has been provided to inmate). When the BOP dismissed these appeals as untimely, Deroo turned to federal court. The district court screened the case, concluded that Deroo had asserted a possible due-process violation, and ordered the BOP to explain why the written statements had not been provided.

That directive from the district court prompted the BOP to finally give Deroo the missing documents and to admit that he never received them previously. The BOP also promised to entertain administrative appeals from all 8 disciplinary decisions, and because Deroo had been given the written reasons for all the cases at once, the BOP further agreed to allow him additional time beyond the ordinary 20-day filing deadline, see 28 C.F.R. § 542.14(a). In light of these concessions, the BOP argued, Deroo's petition for habeas corpus had become moot because he received the only remedy available to him.

In his response Deroo acknowledged having received the records but persisted that he nonetheless had suffered a violation of due process that the district court should remedy by expunging the adverse disciplinary decisions from his record and reinstating his good-time credits. Deroo argued that the BOP's inordinate delay had effectively foreclosed relief through the administrative process. In particular he pointed out that he had been transferred to a different facility, that the warden at the time of the disciplinary actions had retired, that any witnesses he would have called were no longer available, and that any

physical evidence he would have presented had been destroyed. The district court acknowledged these arguments but concluded that there was no way of knowing what, if any, prejudice the delay had caused until Deroo pursued administrative appeals from the underlying disciplinary decisions. The district court therefore concluded that it would be premature to review the disciplinary rulings.

Following the district court's decision, Deroo submitted new administrative appeals of the disciplinary rulings and also appealed from the district court's decision in this court. Here, Deroo once again contends that, although he has the disciplinary records he sought, the delay in receiving them constitutes a violation of due process that itself warrants reinstating his good-time credits. His position is that the BOP already dismissed one set of administrative appeals as untimely and that the district court should not have required him to appeal yet again simply because the BOP finally gave him the statements of reasons. Deroo further argues that he should not be required to pursue administrative appeals because the BOP would not consider his claims on their merits. This concern, it turns out, is not unfounded: Deroo filed his administrative appeals in November 2009, and the BOP dismissed them as untimely one month later. See *Deroo v. Holinka,* No. 10-cv-00095, 2010 WL 1138423 (W.D. Wis. Mar. 18, 2010).

The BOP has yet to explain why on eight occasions over a five-year span its employees failed to give Deroo a copy of the adverse decision as required by regulation. See 28 C.F.R. § 541.17(g). Still, we cannot conclude that this persistent laxity establishes a prejudicial violation of due process. Federal inmates do have a liberty interest in their earned good-time credits, *Jackson v. Carlson*, 707 F.2d 943, 946-47 (7th Cir. 1983), and are thus entitled to due process before those credits can be revoked, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In this context due process requires that prison officials give a prisoner advance notice of the disciplinary proceedings, an opportunity to confront the charges and present evidence before an impartial decisionmaker, and a written explanation of the decision that is supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Wolff,* 418 U.S. at 564. Here, the BOP remedied its violation of Deroo's right to due process by giving him the statements of reasons. See *Wolff*, 418 U.S. at 564; *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). And because the BOP's delay did not extend Deroo's prison term or prevent him from appealing without the statements of reasons, Deroo has not established that he was prejudiced by the violation of due process.

Deroo nonetheless asks us to restore his lost good-time credits and expunge his disciplinary record. But, as we have explained, Deroo has not been prejudiced by the delay, so we could not restore his good-time credits unless the underlying decisions violated due process. We would uphold those decisions as long as they were supported by "some evidence," *Hill*, 472 U.S. at 455; *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000), but we

cannot yet apply this standard because Deroo had not exhausted his administrative remedies when he began this lawsuit. Because we review a petition under § 2241 only after administrative remedies have been exhausted, see *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004), the district court properly required Deroo to pursue an administrative appeal before entertaining petitions on the underlying disciplinary proceedings. Although this conclusion is fatal to Deroo's current § 2241 petition, we note that the BOP should not have dismissed his latest round of administrative appeals as untimely. Having promised Deroo an opportunity to complete the administrative appeal process, the BOP is estopped from asserting untimeliness as its reason for refusing to consider the merits of his appeals. Deroo has 20 days, beginning on the date that we issue our mandate in this case, to file his administrative appeals once again. And if he complies, the BOP must consider his claims on the merits. With that caveat in mind, the decision of the district court is AFFIRMED.