NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011[*]
Decided November 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1487

| | |
|---|---|
| AARON DeROO, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 11-cv-28-bbc |
| | |
| CAROL HOLINKA, | Barbara B. Crabb, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Aaron DeRoo, a federal inmate, appeals from the denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2241, arguing that two disciplinary decisions to revoke good-time credits were not based on sufficient evidence. Because the evidence in the disciplinary record amply supports those two decisions, we affirm.

---

[*]Appellee Carol Holinka notified this court that she was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Disciplinary officers at Terre Haute Correctional Institution have found DeRoo guilty of violating several prison rules while incarcerated there. He highlights three decisions on appeal. First (in June 2000), DeRoo lost 27 days of good-time credit for possessing intoxicants. Second (in February 2001), DeRoo admitted to using intoxicants and again lost 27 days of good-time credit. The hearing officer imposed this penalty after noting that "past attempts to correct [DeRoo's] behavior have failed." Third (in May 2001), DeRoo again admitted to possessing intoxicants. In revoking 40 days of good-time credit, the hearing officer wrote that DeRoo had "numerous charges for this offense" and that "no other sanction would produce the desired effect" of changing DeRoo's behavior.

Nine years later, a hearing officer expunged from DeRoo's record the first violation from June 2000. The Bureau of Prisons reheard that incident because for several years it failed to provide a statement of reasons for its decisions. As we concluded in *DeRoo v. Holinka,* 373 F. App'x 616, 618–19 (7th Cir. 2010), this failure did not offend due process because the Bureau, after being sued, provided the missing statement of reasons to DeRoo and allowed him to pursue a rehearing. Upon rehearing, the hearing officer found no evidence of guilt and expunged the violation.

DeRoo later petitioned for a writ of habeas corpus, claiming that the Bureau violated his right to due process by relying on the now-expunged June 2000 violation to justify revoking 67 total days of good-time credit for the February and May 2001 violations. The district court denied the petition. The court concluded that in both proceedings the prison had complied with due process by providing timely notice, a fair hearing, and a written statement of reasons. Moreover, the court reasoned that because DeRoo confessed to each charge, the prison's decisions—of both guilt and punishment—were supported by sufficient evidence.

On appeal DeRoo concedes that his confessions constitute sufficient evidence of guilt but argues that the district court erred in concluding that the confessions by themselves supported the Bureau's decision to revoke good-time credits. He argues that the district court misread our decision in *Scruggs v. Jordan*, 485 F.3d 934, 940–41 (7th Cir. 2007), as saying that a prisoner's confession justifies not only a finding of guilt but any punishment that the prison sees fit. But even if DeRoo is correct that his confession alone does not necessarily validate the revocation of good-time credits, we review de novo the district court's judgment, not its reasoning, and may affirm on any basis supported by the record. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). In attacking the judgment, DeRoo complains that the hearing officer was not justified in revoking any good-time credits for the second violation in February 2001 because the officer asserted, incorrectly DeRoo says, that "this [was his] fourth charge for this offense." According to DeRoo, there is evidence to support only three of those charges, given that the violation from June 2000 has since been

expunged. The hearing officer's report, however, shows that the officer made the "fourth charge" comment and relied upon the now-expunged June 2000 violation only when revoking commissary privileges, not the good-time credits. DeRoo does not have a liberty interest in those privileges, so due process was not offended when the hearing officer relied upon the expunged violation to rescind them. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997).

DeRoo does have a liberty interest in good-time credits, *Jones*, 637 F.3d at 845, and due process requires us to ensure that some evidence supports the hearing officers' decisions to revoke them. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Under the "some evidence" standard—"the narrowest judicial review we know"—our task is only to identify a modicum of evidence that supports the decisions. *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007); *see also Webb v. Anderson*, 224 F.3d 649, 651–52 (7th Cir. 2000). DeRoo's disciplinary record easily meets this standard. The officers revoked DeRoo's good-time credits in February and May 2001 because "past attempts to correct his behavior had failed." More than some evidence supports this finding: As DeRoo does not dispute, three intoxicant-related violations (not counting the expunged June 2000 violation) were on DeRoo's disciplinary record at the time of the February 2001 violation, all of which were added on to his record before the May 2001 violation. Because the record contains adequate evidence that "past attempts" at correction had failed to stop new offenses, the revocation of good-conduct credits comported with due process. We thus conclude that the district court properly denied his petition for a writ of habeas corpus.

AFFIRMED.