# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1632
_____

Aaron M. Deroo

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the District of North Dakota - Fargo
_____

Submitted: November 12, 2012
Filed: March 14, 2013
_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.
_____

BENTON, Circuit Judge.

Aaron Matthew Deroo pled guilty in 1997 to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 210 months' imprisonment. He was resentenced twice to the same term, in 2000 and 2001. The resentencing presentence report (PSR) relied on by the district court listed various prison disciplinary actions. Deroo was apparently not provided documentation of the reasons for the actions or notified of his right to appeal. After

filing 28 U.S.C. § 2255 motions unrelated to the issue here, he filed a FOIA request for the documents in 2008, which the Bureau of Prisons (BOP) provided in April 2010. Deroo then filed an administrative appeal. In October 2010, one action was expunged. In January 2011, he filed a 28 U.S.C. § 2241 petition arguing that the BOP violated his due process rights by relying on the expunged action to justify revoking good-time credit. The district court denied the petition and the Seventh Circuit affirmed. *See DeRoo v. Holinka*, 438 Fed. Appx. 520 (7th Cir. 2011). In June 2011, Deroo moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that the resentencing court had relied on an erroneous PSR, violating his right to due process. The district court[1] denied his motion as time-barred, but issued a certificate of appealability. Deroo appeals.

The government argues that Deroo's motion should be dismissed as a second or successive petition. To the contrary, the motion is not second or successive to his earlier § 2255 motions because his present claim had not yet arisen. *See Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (en banc) ("[A] habeas petition raising a claim that had not arisen at the time of a previous petition is not barred by § 2244(b) or as an abuse of the writ."), *cert. denied* 124 S. Ct. 74 (2003). His present claim had arisen by the time of his § 2241 petition in the Seventh Circuit, but a § 2255 motion is not second or successive to a § 2241 petition. *See Chambers v. United States*, 106 F.3d 472, 474 (2nd Cir. 1997) ("a petition asserting a claim to relief available under 28 U.S.C. § 2255 is not a 'second or successive' application where the prior petition(s) sought relief available only under 28 U.S.C. § 2241"). Deroo's § 2241 petition challenged the execution of his sentence, not its imposition, and was properly brought under § 2241. *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be

---

[1]The Honorable Ralph R. Erickson, United States District Court for the District of North Dakota.

-2-

brought under § 2255 in the district of the sentencing court."). The present motion therefore is not second or successive to the § 2241 motion.

This court reviews the denial of a § 2255 motion de novo. ***Hodge v. United States***, 602 F.3d 935, 937 (8th Cir. 2010). Such motions must be filed within 1 year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255(f)**. Deroo argues that the expungement of one of his disciplinary actions is a new fact under § 2255(f)(4), making his motion timely.

"To be entitled to invoke the statute of limitations contained in section 2255(f)(4), we have said that a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." ***Anjulo-Lopez v. United States***, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require "*reasonable* efforts." ***Id.*** at 818.

Deroo's argument fails because several years elapsed from when with due diligence, he could have discovered the expungement. He did not initially request

documentation of the reasons for his disciplinary actions until six years after his resentencing. Deroo offers no reason why he did not act sooner. The government's failure to provide the documents does not affect his obligation to work diligently to obtain them. *See Diaz-Diaz v. United States*, 297 Fed. Appx. 574, 576 (8th Cir. 2008) (per curiam) (unpublished) (finding a lack of diligence where the petitioner requested documents in May 2005 and did not make further attempts to obtain them until January 2007).

This case is similar to *Johnson v. United States*, 544 U.S. 295 (2005). Johnson received an enhanced sentence as a career offender based on previous state convictions. *Id.* at 298. After one of those convictions was vacated, he moved under § 2255 to vacate his enhanced sentence, arguing that his motion was timely because the state-court vacatur was a new fact triggering a one-year limitation period. *Id.* at 301. The Court found that the state-court vacatur was a fact for purposes of § 2255(f)(4), but that Johnson had not diligently pursued it. *Id.* at 308-11. The Court explained that "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Id.* at 308. The Court concluded that the date of judgment in Johnson's federal case was "the moment to activate due diligence." *Id.* at 309. Johnson waited more than three years after his date of judgment before pursuing vacatur, *id.* at 311; Deroo waited twice as long before pursuing expungement of his disciplinary actions. His delay precludes finding that he was diligent, rendering his motion untimely under § 2255(f)(4).[2] *See United States v. Czeck*, 172 Fed. Appx. 687, 687 (8th Cir. 2006) (per curiam) (unpublished) ("Putting aside the question whether Czeck's motion was second or successive, we find that it was untimely because Czeck waited more than six years after his federal

_____

[2]Deroo does not argue that his motion was timely under any other part of § 2255(f).

-4-

conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay."), *citing Johnson*, 544 U.S. at 298, 310.

Deroo alternatively invokes the doctrine of equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling is an exceedingly narrow window of relief." *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) (en banc) (internal quotation marks omitted), *abrogated on other grounds by Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012). Just as Deroo failed to show diligence under § 2255(f)(4), he fails to establish the first element for equitable tolling.

The judgment of the district court is affirmed.

_____