# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2923
_____

Theotis A. Muhammad

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 24, 2013
Filed: November 13, 2013

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Theotis A. Muhammad appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion as untimely. We granted a certificate of appealability to address whether the statute of limitations should have been equitably tolled. We agree that

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

equitable tolling was not warranted in this case, and we affirm the district court's denial of Muhammad's section 2255 motion.

## I.

A jury convicted Muhammad of (1) aiding and abetting the robbery of a credit union and (2) aiding and abetting the use of a firearm during and in relation to the credit union robbery. The district court sentenced Muhammad to 96 months imprisonment. We affirmed his conviction and sentence, see United States v. Muhammad, 604 F.3d 1022 (8th Cir. 2010), and later denied his petition for rehearing en banc and, alternatively, for rehearing by the panel. Muhammad did not seek a writ of certiorari in the United States Supreme Court. For purposes of section 2255, his conviction became final on September 27, 2010, after the 90-day period for filing a petition for a writ of certiorari had expired. The deadline for filing his section 2255 motion was September 27, 2011.

In February 2012, the district court finally received Muhammad's section 2255 motion.[2] On the motion, Muhammad's signature was dated October 11, 2011, and the envelope bore an October 14, 2011 postmark. Muhammad conceded that it was being submitted beyond the September 27 deadline, but he argued to the district court that the time should be tolled because he had been detained from October 2010 until March 2011 in a Special Housing Unit of the Bureau of Prisons. Therefore, he contended, he was denied access to the law library and to his personal materials, items he felt necessary to prepare a proper section 2255 motion.

---

[2]Muhammad sent the motion to the fifth floor of the federal courthouse in Kansas City instead of to the Clerk of Court for the district court. The Department of Justice affixed a received stamp of October 18, 2011, but the record does not reflect the reason for the four-month delay in forwarding the motion to the district court.

-2-

Confinement in the Special Housing Unit was not the only basis upon which Muhammad sought application of equitable tolling. In later filings with the district court, such as in his first motion for appointment of counsel, Muhammad also argued that Susan Hunt, his trial attorney, told him she would file the section 2255 motion on his behalf but failed to do so. He stated Hunt would not respond to his "several" letters or take his phone calls. Based on this lack of response from Hunt, Muhammad determined that he "would stop bugging her and let her do her job." (Doc. 13.) Eventually, Muhammad began questioning other inmates about the time he had remaining to file his section 2255 motion "at which point [he] found out that [he] was just about out of time." (Doc. 13.)

The district court denied Muhammad's section 2255 motion as untimely, holding Muhammad had not demonstrated that he was subject to any extraordinary circumstance that prevented him from timely filing the motion. Muhammad appeals from this denial, arguing primarily that the district court should have tolled the time for filing the section 2255 motion because of his reliance on his attorney's promise that she would file his section 2255 motion for him.

II.

We begin by noting the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. See Johnson v. United States, 544 U.S. 295, 299 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (applicable to section 2254 petitions); see also United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005)

(applying same rule to section 2255 motions). We review this claim de novo. See Martin, 408 F.3d at 1093.

Before addressing the issue of diligence, we examine whether Muhammad has shown an extraordinary circumstance that prevented his filing a timely motion. The record in this case suggests two claims of extraordinary circumstance that might warrant the application of equitable tolling: (1) Muhammad's confinement in the Special Housing Unit from October 2010 until March 2011 where he was denied access to a law library and to his personal documents, and (2) Muhammad's reliance on his attorney's promise that she would file the section 2255 motion on his behalf.

First, Muhammad contends that for five months, from the beginning of October 2010 until the beginning of March 2011, he was detained by the Bureau of Prisons in a Special Housing Unit. As part of this detention, he was not permitted to visit the prison's law library and did not have access to his personal, legal materials. While we do not foreclose the possibility that another movant might be able to show how the conditions of his confinement constitute an extraordinary circumstance warranting the application of equitable tolling, Muhammad fails to demonstrate how his five months of special confinement prevented him from meeting the one-year statute of limitations. He acknowledges that he was able to send letters during this confinement which suggests he had access to paper and writing implements. He does not claim that he was prohibited from contacting the court or was denied any mail sent from the court. Although he claims that he was not allowed access to the prison's law library during this special confinement, we have recognized that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Accordingly, we agree with the district court that Muhammad's five-month confinement in the Special Housing Unit does not constitute an extraordinary circumstance warranting the application of equitable tolling.

Second, Muhammad argues that equitable tolling should apply here because he mistakenly relied upon his attorney's assertion that she would file a section 2255 motion on his behalf. Muhammad alleges that he wrote to Hunt on several occasions and attempted to call her but that Hunt did not respond to his letters and would hang up the phone when she realized he was calling. On the basis of Hunt's behavior, Muhammad decided that Hunt must be working on his case. He did not further pursue the matter with her or anyone else until he began speaking with other inmates about his deadline for filing the motion. It was then that he realized he was "just about out of time."

An attorney's negligence or mistake is not generally an extraordinary circumstance, however "serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" Martin, 408 F.3d at 1093 (quoting Beery v. Ault, 312 F.3d 948, 952 (8th Cir. 2002)). For example, the Supreme Court remanded for a lower court to make an extraordinary-circumstances determination where the attorney "failed to file [the client's] federal petition on time despite [the client's] many letters that repeatedly emphasized the importance of his doing so," "apparently did not do the research necessary to find out the proper filing date," "failed to inform [the client] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case," and "failed to communicate with his client over a period of years." Holland, 130 S. Ct. at 2564.

Comparatively, we have found extraordinary circumstances in a situation where the movant's attorney "consistently lied to [the movant] and his wife about the filing deadline; repeatedly lied to [the movant] and his wife about the status of [the movant's] case; refused to communicate with [the movant] or his family; neglected to file any documents, belated or not, on [the movant's] behalf; and failed to return any of [the movant's] paperwork to him despite repeated requests and then demands." Martin, 408 F.3d at 1095.

Muhammad's allegations against Hunt do not come close to approaching those in <u>Holland</u> and <u>Martin</u>. At its essence, Muhammad claims that Hunt initially stated she would file the section 2255 motion on his behalf and then quit communicating with him. Muhammad does not claim that Hunt lied to him about the deadlines for filing the motion, repeatedly told him that she would file the section 2255 motion, failed to communicate critical information about his case, or withheld paperwork from him that he would need to prepare his section 2255 motion. We do not condone attorneys failing to respond to letters or phone calls; however, in this case, Hunt's actions do not constitute an "extraordinary circumstance" that prevented Muhammad from timely filing his section 2255 motion. Thus, equitable tolling should not apply.

Even if Hunt's actions had constituted an "extraordinary circumstance," Muhammad would not be able to take advantage of equitable tolling because he did not act with diligence. "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" <u>Holland</u>, 130 S. Ct. at 2565 (internal citations and quotation marks omitted). In <u>Holland</u>, the Supreme Court decided the habeas petitioner had acted with reasonable diligence when he wrote his attorney numerous letters requesting information and providing direction; repeatedly contacted state courts, state court clerks, and the state bar association in an attempt to have his attorney removed from the case; and prepared his own habeas petition and filed it on the very day he discovered he was out of time. <u>Id.</u>

This court has found a section 2255 movant demonstrated diligence when he hired counsel well ahead of the deadline, "did everything in [his] power to stay abreast of the status of his case," provided original documents to his attorney to assist with the motion, filed a complaint with the state bar, and filed motions with the district court seeking an extension of time and the return of documents submitted to the attorney. <u>Martin</u>, 408 F.3d at 1095.

Beyond writing and calling Hunt, Muhammad did nothing to monitor the status of his case. Instead, when Hunt did not respond to Muhammad's letters or take Muhammad's phone calls, Muhammad inexplicably interpreted such behavior as evidence that Hunt was working on his case. Muhammad does not claim that he attempted to contact the court to determine whether Hunt had filed the section 2255 motion—an action that certainly would fall under "reasonable diligence" in this case. See, e.g., Anjulo-Lopez v. United States, 541 F.3d 814, 819 (8th Cir. 2008) (recognizing the fact that an appeal was not filed is a matter of public record that could have been discovered by "a duly diligent person"). Further, Muhammad's filings with the district court suggest that, even after he learned of the deadline, he did not file the section 2255 motion immediately and that time for filing the motion may have expired in the interim between his learning of the deadline and his submission of the motion.

III.

Accordingly, we affirm the district court's denial of Muhammad's section 2255 motion as untimely.[3]

_____

_____

[3]Although not part of this court's certificate of appealability, Muhammad also seeks to appeal the district court's denial of an evidentiary hearing. See Dodd v. United States, 614 F.3d 512, 518 (8th Cir. 2010) (recognizing that appellate review is generally limited to the issues specified in the certificate of appealability, but a panel may, at its discretion, consider issues beyond the certificate of appealability). This issue does not appear to have merit because, as demonstrated in the opinion, Muhammad is not entitled to relief under section 2255. See 28 U.S.C. § 2255(b) (no evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Accordingly, we do not address this issue further.