# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1362

_____

Miguel Williams

*Petitioner - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: June 15, 2016
Filed: July 28, 2016

_____

Before SMITH and GRUENDER, Circuit Judges, and KETCHMARK,[1] District
Judge.

_____

SMITH, Circuit Judge.

_____

  [1]The Honorable Roseann A. Ketchmark, United States District Judge for the
Western District of Missouri, sitting by designation.

Miguel J. Williams appeals the district court's[2] dismissal of his habeas petition as time-barred. He argues that the one-year statute of limitations provided by 28 U.S.C. § 2244(d) should be equitably tolled because of the outrageous conduct of his attorney, John Stratford. Because Williams did not diligently pursue his federal habeas rights, we affirm.

## I. *Background*

On February 29, 2012, a Pulaski County, Arkansas jury convicted Williams of aggravated residential burglary and aggravated robbery. The jury then sentenced Williams to 300 months' imprisonment. Williams's trial counsel, Darrell Brown, told Williams that he had a right to appeal the conviction. But Brown also made clear to Williams that he would not represent him on appeal. On March 16, 2012, the court entered the judgment and commitment order in Williams's case. That same day, Brown mailed two blank forms to Williams: a notice of appeal and an affidavit of indigence. On March 20, 2012, Williams's mother asked Brown to handle the appeal. Brown declined and filed a motion to withdraw as Williams's attorney. On March 22, 2012, Brown met with Williams's mother and reiterated that he was withdrawing from the case and would not represent Williams on appeal. The next day, Brown followed up with Williams's mother by e-mail, repeating his intent to withdraw from the case and providing her with a notice of appeal and an affidavit of indigence. On March 27, 2012, the court entered an amended judgment and commitment order; this final order started Williams's 30-day window for appeal, which expired on April 26, 2012. On April 9, 2012, the court granted Brown's request to withdraw.

While in jail, Williams found attorney Stratford's telephone number on a wall. Williams gave the number to his mother, who contacted Stratford. She met with Stratford before the amended judgment and commitment order had been filed.

---

[2]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties.

Stratford asked attorney Craig Lambert to attend the meeting and consult on Williams's case. At that time, Williams's mother gave Stratford $1,500 and agreed to continue making monthly payments toward a $4,000 retainer. Having researched Williams's case before the meeting, Lambert told Stratford and Williams's mother that the time to file a notice of appeal in Williams's case had not yet expired and that it would cost approximately $2,000 to prepare the trial-court transcript for appeal. Stratford undertook Williams's representation but never filed a notice of appeal in Williams's state case.

From March 2012 until December 2012, Williams's mother met with Stratford and made monthly $400 payments toward Stratford's retainer. In December 2012, Stratford told her to stop. Stratford had allowed Williams's case to languish for nine months without any progress. On January 10, 2013, Stratford called Williams to schedule a meeting to discuss the situation. Lambert and Stratford agreed to ghostwrite an application for belated appeal that Williams would file pro se in the Arkansas Supreme Court. The one-year statute of limitations for a federal habeas petition and the 18-month statute of limitations for an application for belated state appeal were approaching. On January 30, 2013, the Arkansas Supreme Court rejected Williams's pro se application because it was procedurally deficient—it lacked a verified signature and a certified copy of the amended judgment and commitment order.

On May 6, 2013, the Arkansas Supreme Court acknowledged receipt of Williams's resubmitted application for belated appeal. Williams took no other action on his case. He did not file a pro se habeas petition in the federal court. He did not contact Stratford or Lambert regarding federal habeas relief. Stratford and Lambert failed to seek federal habeas relief or advise Williams that the one-year statute of limitations would bar a claim for relief.

-3-

On June 6, 2013, the Arkansas Supreme Court denied Williams's resubmitted application for belated appeal. The application that Stratford and Lambert wrote argued for relief by alleging that Brown had provided ineffective assistance. The claim was without merit and rejected.

No one did anything on Williams's case until November 2013. At that time, Stratford—not Williams—initiated contact and discussed filing a federal habeas petition. Williams filed the instant pro se petition for habeas relief—again ghostwritten by Stratford and Lambert—in December 2013.

After an evidentiary hearing, the district court dismissed Williams's habeas petition as time-barred, reasoning that Williams did not diligently pursue his federal habeas rights. Williams appeals. We have jurisdiction to review this final judgment of the district court pursuant to 28 U.S.C. § 1291.

## II. *Discussion*

The district court concluded that Williams's habeas petition is time-barred because he did not pursue his rights diligently. Williams argues that he acted with sufficient diligence by hiring an attorney. We affirm.

We review de novo the district court's denial of equitable tolling. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The statute of limitations for habeas relief provided by 28 U.S.C. § 2244(d) may be tolled on the basis of equity if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation and citation omitted). A petitioner acts with diligence when, for example, he writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day that he learns it is late. *Id.* at 653. In contrast, a petitioner does

-4-

not act diligently when he simply assumes that his attorney is working on his case even though she does not respond to his communication and hangs up on him when he calls. *Muhammad*, 735 F.3d at 817.

In this case, Williams failed to take any action to pursue his federal habeas rights even though it became clear that his hired attorney was not effectively pursuing the available remedies. By the end of January 2013, Stratford's failings were apparent. Stratford had told Williams's mother to stop making payments toward the cost of Williams's appeal because he had not completed any work on it; Stratford had visited Williams to discuss filing a pro se application for belated appeal; Williams had filed the application for belated appeal on his own; and he had received a deficiency notice for that application from the Arkansas Supreme Court, presumably because he was getting no help from Stratford. In short, by the end of January 2013, Williams could no longer reasonably rely on Stratford for legal assistance. At that time, Williams had almost three months—until April 26, 2013—in which to file a timely habeas petition, either through new counsel or by filing a petition pro se. Instead, Williams took no action. Indeed, it was not until Stratford visited Williams in November 2013 to discuss a habeas petition that Williams took any action to pursue this right. Stratford provided poor to no representation to be sure,[3] but Williams, for his part, did not pursue his rights diligently.[4] Accordingly, the district court correctly concluded that Williams's petition is time-barred by 28 U.S.C. § 2244(d).

---

[3]The Arkansas Supreme Court Committee on Professional Conduct has cautioned Stratford for his actions in this case. *John Chapman Stratford*, CPC Docket No. 2015-063 (Ark. Supreme Court Comm. on Prof'l Conduct Sept. 18, 2015), https://courts.arkansas.gov/sites/default/files/opc_opinions/2015-063.pdf.

[4]We therefore need not decide whether Stratford's poor representation constitutes an extraordinary circumstance that stood in Williams's way and prevented the timely filing of a habeas petition.

### III. *Conclusion*

For this reason, we affirm the dismissal of Williams's petition for habeas relief.

_____