# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3129

_____

Tuwane English

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: May 19, 2016
Filed: August 24, 2016

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In November 2011, Tuwane English pleaded guilty to conspiring to distribute crack cocaine. The district court varied downward from an advisory guidelines range based on English's status as a career offender and sentenced him to 180 months in prison. As English did not appeal, his conviction became final on April 12, 2012. See Anjulo-Lopez v. United States, 541 F.3d 814, 816 & n.2 (8th Cir. 2008).

On September 16, 2013, English filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. After an evidentiary hearing, the district court[1] denied the motion, concluding that it was time-barred by the applicable one-year statute of limitations, see 28 U.S.C. § 2255(f), and, alternatively, that English was not entitled to relief on the merits. English appeals. The district court granted a certificate of appealability on two issues: whether the statute of limitations should be equitably tolled, and whether English received ineffective assistance of counsel when counsel "incorrectly informed Mr. English of the potential 180 month sentence." We conclude the § 2255 motion was time-barred and therefore affirm.

English filed his § 2255 motion five months after the one-year statute of limitations expired. The limitations period is not jurisdictional and is therefore subject to the doctrine of equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010); Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013). "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). A movant seeking equitable tolling must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Muhammad, 735 F.3d at 815, quoting Holland, 560 U.S. at 649. We review a denial of equitable tolling *de novo*, but review underlying fact findings for clear error. United States v. Hernandez, 436 F.3d 851, 854-55, 858 (8th Cir.), cert. denied, 547 U.S. 1172 (2006).

We conclude that English failed to establish that he diligently pursued the rights protected by § 2255 relief. To be eligible for equitable tolling, he must show "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653 (noting that the petitioner filed his *pro se* petition the day he learned the one-year

---

[1]The Honorable Donald E. O'Brien, late a United States District Judge for the Northern District of Iowa.

limitations period had expired). English argues he is entitled to equitable tolling because of the following letter he wrote to Judge O'Brien on March 3, 2013, almost six weeks before the one-year limitations period expired on April 12:

> I am writing you to let you know that I am getting inaffect [sic] counsel from my Attorney/Public Defender I've wrote several letter to him this is my only way to correspond with him because I'm still in the hole because of my Protective Custody I can't call him and letter are the only way to talk to him and he doesn't respond to me at all I have court issues coming up soon and I really need to speak with him before hand and he wont talk to me I've been in the hole 9 months and I've wrote him at lease once a month and he hasn't responded at all to me period Is there any way you could appoint me a new public Defender because I do [not] know what more I could do about the situation I've even had my wife my father and a few other family members call him for me and he just will not talk to me I am looking for help to resolve this matter please.

In the Order being appealed, Judge O'Brien stated: "The Court forwarded this letter to Mr. English's trial counsel, Mike Smart. Mr. English wrote a similar letter on March 17, 2013, stating that he had an 'emergency' and needed to talk to his public defender. The Court also forwarded that letter to Mr. Smart." Attorney Smart testified at the evidentiary hearing, but neither counsel asked whether he received these letters forwarded by the district court and, if so, how he responded.

At the evidentiary hearing, English testified that his March 3 letter was "his request for a [§ 2255] petition to be filed." The district court properly ruled that the letter to the court could not be construed as a *pro se* motion for § 2255 relief. See Rule 3, Rules Governing Section 2255 Proceedings; cf. Beery v. Ault, 312 F.3d 948, 950-51 (8th Cir. 2002), cert. denied, 539 U.S. 933 (2003). Thus, the question is whether the March 3 letter entitles English to equitable tolling of the § 2255 statute of limitations.

The primary claim asserted by English in his untimely § 2255 motion was ineffective assistance of trial counsel in promising he would receive a 120-month sentence if he pleaded guilty. English knew the facts relating to that claim when the district court imposed a 180-month sentence. Yet he waited seventeen months to raise the claim in a § 2255 motion. There was nothing in the March 3 letter to alert the district court, or attorney Smart if he received the forwarded letter, that English wished to file a § 2255 motion. As the district court explained:

> In early 2013, Mr. English was hoping to get a Rule 35 Motion from the Government. He was also trying to get out of administrative segregation (aka 'the hole') at prison. Finally, Mr. English had an ongoing issue regarding fee payments in the District Court for Nebraska arising out of his prior federal conviction in that state. . . . Based on the text of Mr. English's letters, about court issues coming up soon, it seems Mr. English could have been hoping to talk to Mr. Smart about any one of those three issues. However, there is no indication that Mr. English was hoping to talk to Mr. Smart about Mr. Smart's past (alleged) ineffective assistance or that he wanted Mr. Smart to file a habeas petition.

English did not testify that he asked Smart to file a § 2255 motion, and he made no showing of diligence other than to write letters to the district court complaining of unrelated problems. Moreover, even if the forwarded letters should have alerted the court or attorney Smart that English wished to discuss filing a § 2255 motion, English failed to explain at the hearing why he waited six months after writing the letter before he filed a *pro se* motion -- in proper form -- accusing Smart of ineffective assistance in the guilty plea process.

"Under long-established principles, [English's] lack of diligence precludes equity's operation." Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005). Accordingly, we conclude that the district court did not err in ruling that English's § 2255 motion

was time-barred. We need not address the district court's alternative denial of § 2255 relief on the merits of English's involuntary guilty plea claim.

The judgment of the district court in Case No. 5:13-cv-04089 is affirmed.

_____