# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2498

_____

Yuri Chachanko

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 15, 2019
Filed: August 26, 2019

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

In July 2008, Yuri Chachanko pled guilty to using and carrying a firearm during a violent felony, in violation of 18 U.S.C. § 924(c)(1) and (2). The district court[1] sentenced him to a mandatory minimum of 300 months' imprisonment under 18 U.S.C. § 924(c)(1)(C)(i). He did not appeal.

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

In April 2017, he submitted a pro se letter, challenging his sentence based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In July 2017, through appointed counsel, he moved for § 2255 relief under *Johnson*. The district court denied the motion as untimely but issued a certificate of appealability under 28 U.S.C. §2253(c). He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Chachanko resided in a special housing unit ("SHU") from March 2015 to March 2017. During that time, on June 26, 2015, the Supreme Court decided the *Johnson* case. In April 2016, believing *Johnson* invalidated his sentence, Chachanko wrote his South Dakota Federal Public Defender ("FPD") asking for "some information and paperwork so I could file before the June deadline." The FPD wrote back on May 2, 2016, stating that it was reviewing potential *Johnson* claims, and "[i]f we conclude that you are eligible, we will file an appropriate motion to reduce your sentence within one year of the *Johnson* decision which is the deadline to file. If we find that you are not, we will let you know."

By letter dated June 15, 2016, the FPD informed Chachanko that he was not eligible for *Johnson* relief "because recent Eighth Circuit case law has held that a Hobbs Act robbery is a crime of violence under the force clause of 924(c)." The letter stated that the FPD would "not file any motion seeking to reduce your sentence as a result." The letter included instructions "on how to file your own 2255" if "you disagree with our conclusion."

For unknown reasons, Chachanko did not receive the June 2016 letter; it was returned to the FPD unopened. He finally spoke with an FPD attorney around August

24, 2016. The attorney informed him that the June letter had been returned unopened, and the FPD had not filed a § 2255 petition on his behalf.

In April 2017— a month after his release from the SHU and almost a year after the statute of limitations for a *Johnson* claim expired—Chachanko filed a pro se letter seeking § 2255 relief. In July 2017, through appointed counsel, he filed a § 2255 motion. The district court denied the motion as untimely, ruling "Chachanko has failed to show that he diligently pursued his rights." It found that he "did nothing between June 27, 2016, and August 24, 2016, such as contact the court, to check on the status of his claim," and that he did not take "any steps . . . to pursue his claim in the 233 days—or more than seven months—that passed between August 24, 2016, when Chachanko first learned that the FPD had not filed a motion to reduce his sentence, and April 13, 2017, when Chachanko filed his pro se motion to reduce his sentence."

## II.

Chachanko concedes his "petition was not timely." But he asserts the court should consider the merits of his claim based on equitable tolling. This court reviews "a denial of equitable tolling *de novo*," and "underlying fact findings for clear error." ***English v. United States***, 840 F.3d 957, 958 (8th Cir. 2016). Equitable tolling is an "extraordinary" remedy that "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." ***Jihad v. Hvass***, 267 F.3d 803, 805 (8th Cir. 2001). "A petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" ***Burks v. Kelley***, 881 F.3d 663, 666 (8th Cir. 2018), *quoting* ***Holland v. Florida***, 560 U.S. 631, 649 (2010).

## A.

Chachanko claims extraordinary circumstances, arguing that because he "never received the June 15 letter, he had no idea that his lawyers had declined to file a petition on his behalf. Indeed, based on what he was told earlier, he believed that hearing nothing from the FPD meant that his lawyers had filed, or would be filing, the petition."

This is not an extraordinary circumstance. This court considered a similar claim in *Muhammad v. United States*, 735 F.3d 812 (8th Cir. 2013). There, the defendant argued that his § 2255 filing was late due, in part, to confinement in a SHU. Like Chachanko, he also argued that "he mistakenly relied upon his attorney's assertion that she would file a section 2255 motion on his behalf." **Muhammad**, 735 F.3d at 815. This court affirmed the denial of the § 2255 motion. First, this court held that "Muhammad's five-month confinement in the Special Housing Unit does not constitute an extraordinary circumstance warranting the application of equitable tolling." **Id.** Next, this court held that "Muhammad's allegations against [his attorney]" do not show extraordinary circumstances even though she "initially stated she would file the section 2255 motion on his behalf and then quit communicating with him." **Id.** at 816. Specifically, this court noted that the attorney did not lie about deadlines, tell him she would file a motion, fail to communicate critical information about his case, or withhold paperwork necessary to file the motion. **Id.**

Chachanko's case is less extraordinary. Here, his attorney did not stop communicating with him. Rather, the attorney sent a letter stating she would not file a claim on his behalf. Chachanko's failure to receive the letter, especially in light of his failure to follow up about the status of his claim, is not an extraordinary circumstance. *See **id.** See also* **Kreutzer v. Bowersox**, 231 F.3d 460, 463 (8th Cir. 2000) (holding "that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling").

B.

Even if Chachanko could show an extraordinary circumstance, he would not benefit from equitable tolling because he was not reasonably diligent in pursuing his claims. *See* **Muhammad**, 735 F.3d at 817. Reasonable diligence exists where a petitioner "writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day he learns it is late." **Williams v. Kelley**, 830 F.3d 770, 773 (8th Cir. 2016), *citing* **Holland v. Florida**, 560 U.S. at 653. "In contrast, a petitioner does not act diligently when," as here, "he simply assumes that his attorney is working on his case." **Id.**

Like the petitioners in *Muhammad* and *Kelley*, Chachanko "did nothing to monitor the status of his case" including trying to contact the court, "an action that certainly would fall under 'reasonable diligence.'" **Muhammad**, 735 F.3d at 817. Also like the petitioner in *Muhammad*, "he did not file the section 2255 motion immediately" upon learning the deadline was missed. **Id.** The district court did not err in finding Chachanko did not exercise reasonable diligence.[2]

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____

---

[2]Because Chachanko's petition was untimely, this court need not consider the effect of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) on his claim.