# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2652

_____

Clifton C. Odie

*Plaintiff - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: May 11, 2022
Filed: August 2, 2022

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant Clifton C. Odie filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that his 2000 Illinois state conviction could not qualify as a prior felony drug offense under 21 U.S.C. § 851.

The district court[1] denied Odie the requested post-conviction relief because of his untimely filing, but it granted a certificate of appealability on the issue of whether Odie's § 2255 motion is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Having jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we affirm.

I.

In 2017, Odie pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Consistent with a written plea agreement, the government filed an information and notice of intent to seek an enhanced penalty pursuant to § 851(a).  The information was based on Odie's 2000 Illinois state conviction for possession of a controlled substance, in violation of 720 Ill. Comp. Stat. 570/402(c).  As explained in the plea agreement, the effect of the information was, in part, to increase the mandatory minimum term of imprisonment from five to ten years.  Odie agreed in the plea agreement not to challenge the enhanced penalty based on his prior conviction.

At the change of plea hearing, the district court noted that the government had filed the § 851 information and asked Odie if he admitted that he had been convicted of the offense that formed the basis for the information.  Odie's counsel responded that Odie did not "specifically remember" the conviction, despite Odie's agreement in the plea agreement not to challenge an enhanced penalty based on his prior conviction, though his counsel acknowledged that it was "a valid conviction."  The district court then asked no further questions about or otherwise discussed the 2000 Illinois state conviction or the requested § 851 enhancement.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR).  The PSR included the conviction identified in the § 851

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

information and calculated Odie's United States Sentencing Guidelines range as 262 to 327 months imprisonment. At the sentencing hearing, Odie made no objections regarding his 2000 Illinois state conviction, the requested § 851 enhancement, or the mandatory minimum. The district court did not comment on the prior state conviction or discuss the § 851 information. It ultimately imposed a below-Guidelines sentence of 240 months imprisonment, to be followed by 8 years supervised release, and entered judgment in 2018. Odie never filed a notice of appeal.

In 2020, Odie filed a pro se motion for 28 U.S.C. § 2255 relief. He raised one argument: his 2000 Illinois state conviction did not qualify as a prior felony drug offense under § 851. Odie relied on United States v. De La Torre, a Seventh Circuit decision concluding that 720 Ill. Comp. Stat. 570/402(c) could not serve as a § 851 predicate offense. See 940 F.3d 938, 948-50 (7th Cir. 2019). Odie argued that his motion was timely under § 2255(f)(4), claiming that De La Torre, decided less than a year before his § 2255 filing, revealed a new fact pursuant to § 2255(f)(4) and thus caused the clock on § 2255's one-year limitations period to start over. The government filed a motion to dismiss, arguing that Odie's motion was untimely under § 2255(f) and that De La Torre did not constitute a new fact under § 2255(f)(4). The government also argued that the § 2255 motion was procedurally barred because Odie failed to file a direct appeal. The matter was referred to a magistrate judge, who issued a report and recommendation concluding that Odie's § 2255 motion was not untimely under § 2255(f)(4). The magistrate judge also concluded that Odie made a prima facie showing of cause and prejudice to excuse procedural default and ultimately recommended denial of the government's motion to dismiss.

The United States objected to the magistrate judge's report and recommendation, renewing its arguments that Odie's motion was untimely under § 2255(f) and procedurally barred. In response, Odie again argued that his motion was timely under § 2255(f)(4) because of De La Torre. In the alternative, Odie asserted that equitable tolling of the § 2255(f) limitations period was warranted. The district court rejected the magistrate judge's report and recommendation and granted

the government's motion to dismiss. The district court held that De La Torre did not constitute a new fact and that Odie's motion was time-barred under § 2255(f). The district court further concluded that Odie's motion was not subject to equitable tolling, finding that he did "not allege[] facts to show that circumstances beyond his control prevented him from filing his petition within the statute of limitations set forth by [§] 2255[(f)](1), or that the government's conduct 'lulled' him into inaction." Because the district court determined that Odie's motion was time-barred and not subject to equitable tolling, it declined to address the procedural default issue. The district court granted Odie a certificate of appealability "on the issue of whether Odie's § 2255 petition is time-barred under the AEDPA."

II.

Odie argues that the district court erroneously held that his § 2255 motion was time-barred and, alternatively, that he presented sufficient facts to justify equitable tolling. "We review de novo the district court's decision to dismiss [Odie's] § 2255 motion[] based on the statute of limitations." E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006). We similarly review de novo Odie's contention that "the doctrine of equitable tolling should be applied to toll the one-year statute of limitations provided under § 2255." Id. at 1098. "[A]ny underlying fact-findings are reviewed for clear error." United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006) (alteration in original) (citation omitted).

"Section 2255 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting Davis v. United States, 417 U.S. 333, 343 (1974)). "Section 2255 offers potential remedies in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019). The AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal

-4-

sentences." Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013). Equitable tolling may be applied to the one-year statute of limitations. See id.

We begin with Odie's claim that his motion is timely under § 2255(f)(4). Section 2255(f) sets forth the one-year limitations period for federal prisoners seeking relief under § 2255. As relevant here, a federal prisoner may timely file a § 2255 motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4); see also Ingram v. United States, 932 F.3d 1084, 1088-89 (8th Cir. 2019) ("To be entitled to invoke the statute of limitations contained in section 2255(f)(4), we have said that a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." (citation omitted)).

Odie argues that De La Torre revealed to him the "new fact" that his prior 2000 Illinois state conviction could "not qualify as [a] prior felony drug offense[] for purposes of the § 851 enhancement." De La Torre, 940 F.3d at 949. In De La Torre, the Seventh Circuit determined that 720 Ill. Comp. Stat. 570/402(c) is "categorically broader than the federal definition of a felony drug offense." 940 F.3d at 949. Odie acknowledges that a judicial decision is not a new fact for purposes of § 2255(f)(4). See E.J.R.E., 453 F.3d at 1098; see also Ingram, 932 F.3d at 1089. On appeal, Odie avoids labeling De La Torre as the new fact that makes his motion timely but rather depicts the decision as revealing the fact that his 2000 Illinois state conviction was categorically overbroad under § 851.[2]

Despite Odie avoiding labeling De La Torre as the new fact that makes his motion timely, we agree with the district court that Odie relies on the De La Torre

---

[2]In the alternative, Odie argues that, if we conclude that De La Torre cannot trigger § 2255(f)(4) pursuant to our decision in E.J.R.E., then E.J.R.E. was wrongly decided. However, "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (citation omitted).

decision as the discoverable fact. The Seventh Circuit, in De La Torre, analyzed federal and state law to reach a legal conclusion about a state statute. 940 F.3d at 949. Odie presents this legal conclusion as the new fact. Odie compares his reliance on De La Torre to Ingram, in which this Court determined that a § 2255 movant permissibly relied on facts presented in a district court decision about the disparate application of § 851, not the decision itself. See Ingram, 932 F.3d at 1089-90. In Ingram, the movant relied on a court's "[o]verview [o]f [t]he [u]nderlying [d]ata [o]n § 851 [e]nhancements," which was based on a United States Sentencing Commission report and raw data that the Commission provided the district court. Id. at 1089-90 (alterations in original). We find Ingram distinguishable, because the movant there was not relying on a judicial decision itself but rather a factual report contained within. See id. at 1090. Here, De La Torre is a judicial decision that, "unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." Ingram, 932 F.3d at 1089 (quoting E.J.R.E., 453 F.3d at 1098). To borrow Odie's language, the De La Torre holding "was a total judicial judgment call." Appellant Br. 13. We conclude that Odie fails to show the existence of a new fact and therefore the limitations period enumerated in § 2255(f)(4) was not triggered by the publication of De La Torre.[3] We need not decide whether Odie acted with due diligence in pursuing relief under § 2255(f)(4). Because Odie sought post-conviction relief in 2020, more than a year after the judgment of his conviction became final, his § 2255 motion is time-barred.

We next address whether § 2255(f)'s limitations period should be equitably tolled to permit Odie's motion for post-conviction relief. "Equitable tolling is an exceedingly narrow window of relief." Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013) (citation omitted). "The one-year statute of limitation may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" Muhammad, 735 F.3d at 815 (alteration in original)

---

[3]We take no position on the legal reasoning of De La Torre or whether Odie's prior 2000 Illinois state conviction is categorically overbroad for purposes of a § 851 enhancement.

(citation omitted). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." Deroo, 709 F.3d at 1246 (citation omitted). "Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require '*reasonable* efforts.'" Ingram, 932 F.3d at 1090 (citation omitted). Odie "may receive the benefit of equitable tolling if []he can establish that a court's conduct 'lulled [him] into inaction through reliance on that conduct.'" Burns v. Prudden, 588 F.3d 1148, 1152 (8th Cir. 2009) (citation omitted).

Odie presents three circumstances that, in the aggregate, he believes justify equitable tolling: (1) the district court's failure to engage in the colloquy required under § 851(b) before pronouncing his sentence; (2) Odie learning about the De La Torre decision; and (3) his New Jersey prison law library not containing the Illinois statutes relevant to his 2000 Illinois state conviction. We disagree, finding that Odie fails to demonstrate the diligence required for equitable tolling.

The parties agree that the district court failed to engage in an § 851 colloquy. Odie argues that, due to this failure, it would be unfair to conclude that he did not exercise diligence in challenging the § 851 enhancement. However, Odie could have directly appealed the district court's procedural error, and his failure to do so demonstrates a lack of diligence. See E.J.R.E., 453 F.3d at 1098.[4] Odie tries to pair the missing § 851 colloquy with the later publication of De La Torre, but he never claims that De La Torre was necessary for him to realize the district court's error. Odie's plea agreement cites § 851 as relevant to the government's intent to seek an enhanced penalty based on the 2000 Illinois state conviction. And the government explicitly cited § 851 when it notified Odie that it intended to seek a longer term of imprisonment based on his prior conviction. We reject Odie's comparison of the

---

[4]Odie asks us to reject E.J.R.E.'s equitable tolling conclusion if we conclude that we are bound to rule against him on his equitable tolling claim. As we note in footnote 2, "one panel is bound by the decision of a prior panel." Mader, 654 F.3d at 800 (citation omitted).

missing § 851 colloquy to instances of courts "lulling" defendants into inaction. Equitable tolling may be appropriate if "a court's conduct 'lulled the movant into inaction through reliance on that conduct.'" Riddle v. Kemna, 523 F.3d 850, 858 (8th Cir. 2008) (en banc) (citation omitted), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012). Odie relies on a string of cases cited in Riddle as examples of "lulling" that merit equitable tolling. See id. But Odie concedes that for lulling to justify equitable tolling, "cases tend to focus on whether the lulling was affirmatively misleading," Appellant Reply Br. 9, and he does not assert that the district court affirmatively misled him by not following § 851(b).

Turning to the second circumstance, Odie filing the § 2255 motion soon after learning about De La Torre in 2020[5] does not excuse his lack of diligence in pursuing relief after his 2018 sentencing. Odie explains that De La Torre acted to "wake" him up to the district court's procedural error. However, as discussed above, knowledge of a judicial decision concerning the statute underlying his § 851 predicate offense was not necessary for him to file a direct appeal regarding the § 851 enhancement. Odie emphasizes that the categorical approach relied upon in De La Torre is "notoriously difficult" and that it would be unreasonable to expect him to apply the approach to his 2000 Illinois state conviction without the benefit of the Seventh Circuit's analysis. We agree with the government that the use of the categorical approach to examine state statutes is not a new legal development and that the approach's intricacies did not preclude Odie from commencing post-conviction proceedings. Cf. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). We note that the defendant in De La Torre, Christian Chapman, challenged on direct appeal his prior Illinois state convictions qualifying as prior felony drug offenses for purposes of the § 851 enhancement without the benefit of on-point, controlling circuit precedent.

---

[5]Although the Seventh Circuit decided De La Torre in October 2019, Odie allegedly did not learn about the decision until three months later. R. Doc. 34, at 3.

Finally, Odie's claim that the law library at the New Jersey prison where he is incarcerated lacked the Illinois statutes relevant to his § 851 predicate offense also does not excuse his lack of diligence in pursuing timely post-conviction relief. We recognize that prisons must provide inmates resources to pursue certain constitutional claims, but this Court has not prescribed a particular method for prisons to meet this obligation. Bear v. Fayram, 650 F.3d 1120, 1122-23 (8th Cir. 2011). Instead, "a 'prison system may experiment with prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other devices.'" Id. at 1123 (citation omitted). Odie's briefing to the district court confirmed his access to LexisNexis in the prison law library, see R. Doc. 34, at 3, yet Odie does not allege that he attempted to search the relevant Illinois statutes on the legal database. Odie also does not allege that he requested access to the Illinois statutes or sought help finding the statutes from lawyers associated with the prison. We agree with the district court that Odie failed to allege facts showing that circumstances beyond his control at the prison prevented him from timely seeking relief. See R. Doc. 54, at 3.

Because we conclude that Odie's § 2255 motion is time-barred and equitable tolling is not appropriate, we need not address whether the motion is procedurally defaulted. We also reject Odie's argument that finding his motion time-barred under § 2255(f) poses a problem under the Suspension Clause. See U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). Because Odie was convicted by "a court of competent jurisdiction," there is no suspension of the writ of habeas corpus. See Jones v. Hendrix, 8 F.4th 683, 689-90 (8th Cir. 2021) (quoting Edwards v. Vannoy, 141 S. Ct. 1547, 1563 (2021) (Thomas, J., concurring)), cert. granted, 142 S. Ct. 2706 (2022).

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____